J. Noah Hagey, Esq. (SBN: 262331)
    hagey@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
    borden@braunhagey.com
David H. Kwasniewski, Esq. (SBN: 281985)
    kwasniewski@braunhagey.com
Tracy O. Zinsou, Esq. (SBN: 295458)
    zinsou@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

ATTORNEYS FOR DEFENDANT
BA SPORTS NUTRITION, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC SILVER, HEATHER PEFFER, DONOVAN MARSHALL, ALEXANDER HILL, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>BA SPORTS NUTRITION, LLC,<br><br>    Defendant. | Case No. 3:20-cv-00633-SI<br><br>**DECLARATION OF MATTHEW BORDEN IN SUPPORT OF DEFENDANT BA SPORTS NUTRITION, LLC'S MOTION TO DISMISS THE COMPLAINT**<br><br>Date:    May 8, 2020<br>Time:    10:00 a.m.<br>Judge:    Hon. Susan Illston<br>Court Rm.:    1 |

I, Matthew Borden, declare:

1. I am an attorney licensed to practice before this Court and am counsel of record for Defendant BA Sports Nutrition, LLC ("BodyArmor") in the above-captioned action. I make this declaration based on personal knowledge. If called as a witness, I could, and would, testify competently to the facts stated herein.

2. Attached as **Exhibit 1** is a true and correct copy of an advertisement posted by Plaintiffs' lawyers on TopClassActions.com, titled "BodyArmor SuperDrink Class Action Investigation" and dated November 25, 2019. The advertisement was retrieved using the Internet Archive Wayback Machine at web.archive.org.

3. Prior to filing this motion, I sent an email to Plaintiffs' counsel identifying certain deficiencies in Plaintiffs' complaint and requesting to meet and confer. Plaintiffs' counsel replied stating, "we are comfortable with the adequacy of our complaint," and "will not be amending at this juncture." A true and correct copy of that email correspondence is attached as **Exhibit 2**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: March 23, 2020                    /s/ *Matthew Borden*
                                         Matthew Borden

# EXHIBIT 1





# BodyArmor SuperDrink Class Action Investigation

FOLLOW ARTICLE

By Top Class Actions
November 25, 2019

## Who's Affected?



**Did you purchase BodyArmor SuperDrink?**

Sports drinks are big business in the United States. Sports drinks sales are estimated to be around $6.6 billion annually. Nevertheless, substantial concerns have been raised about their efficacy and link to disease.

BA Sports Nutrition ("BA"), the maker of BodyArmor SuperDrink, is one of the largest sports drink retailers in the country. BA reported approximately $400 million in sales for 2018.

## GET HELP – IT'S FREE

### Join a Free BodyArmor Class Action Lawsuit Investigation

If you qualify, an attorney will contact you to discuss the details of your potential case at no charge to you.

PLEASE NOTE: If you want to participate in this investigation, it is imperative that you reply to the law firm if they call or email you. Failing to do so may result in you not getting signed up as a client or getting you dropped as a client.

E-mail any problems with this form to:
**Questions@TopClassActions.com**.

**First Name** *

Start a Class Action

However, the company may be misleading its customers about the benefits of drinking BodyArmor SuperDrink.

Indeed, BA recently was forced to defend itself against deceptive marketing claims before the complaints division of the Better Business Bureau, called the NAD. The NAD agreed with the complaints and recommended, on multiple occasions, that BA alter BodyArmor marketing by dropping several claims, but BA refuses to do so. Its retail sales doubled in 2018.

**If you purchased BodyArmor SuperDrink for yourself or your kids, you may qualify to join this BodyArmor false advertising class action lawsuit investigation.**

**Learn more by filling out the short form on this page.**

## [BodyArmor SuperDrink False Advertising Class Action Lawsuit Investigation](#)

BA Body Armor Super Drink purports to provide "SUPERIOR HYDRATION" as compared to other beverages.

Attorneys working with Top Class Actions are investigating whether BA lacks sufficient scientific evidence to back up such claims, which may render their labeling and advertising

Last Name *

Street Address *

City *

State *

Alabama

Zip Code *

Phone *

Email *

**Are you willing to speak with an attorney about this situation? ***

☐ Yes

☐ No

deceptive and unlawful.

They are also investigating other important matters with respect to their advertising, including the implication that BodyArmor SuperDrink is good for your body and health.

**If you purchased Body Armor Super Drink, you may qualify to join this false advertising class action lawsuit investigation.**

**See if you qualify by filling out the form on this page.**

**What is your preferred form of contact with the attorney?** *

☐ Email

☐ Phone

**Did you purchase BodyArmor SuperDrink?** *

☐ Yes

☐ No

**What drink(s) did you purchase?** *

**When did you purchase BodyArmor Sports Drink?** *

**Please include additional details.**

**¿Necesita un orador español?**

☐ Sí

☐ No

**Get Our Newsletter**

We tell you about cash you can claim every week! Subscribe to our free newsletter today.

☐ Yes, sign me up!

**Any information you submit to Top Class Actions may be shared with attorneys or law firms to facilitate formation of an attorney-client relationship. As such, it is intended that the information will be protected by attorney-client privilege, but it is possible that Top Class Actions or such attorneys may be ordered by a court of law to produce such information in certain legal situations. Also, you are not formally represented by a law firm unless and until a contract of representation is signed by you and the law firm.** *

☐ I understand and agree

After you fill out the form, the attorneys who work with Top Class Actions will contact you if you qualify to let you know if an individual lawsuit or class action lawsuit is best for you.

## ATTORNEY ADVERTISING

The choice of a lawyer is an important decision and should not be based solely on advertisements.

Counsel responsible for this advertisement:

**Kaplan Fox & Kilsheimer LLP**

**Reese LLP**

**PAID ATTORNEY ADVERTISEMENT: THIS WEB PAGE IS AN ADVERTISEMENT AND THE PARTICIPATING ATTORNEY(S) ARE INCLUDED BECAUSE THEY PAY AN ADVERTISING FEE.**  Top Class Actions is not a law firm, lawyer referral service, or prepaid legal services plan. We do not endorse or recommend any third-party claims processing company, lawyer, or law firm who participates in the network. We do not make any representation, and have not made any judgment, as to the qualifications, expertise, or credentials of any participating lawyer or processing group. No representation is made that the quality of the legal services or claims processing to be performed is greater than the quality of legal services or claims processing performed by other lawyers or claims processing group. The information contained herein is not legal advice. Any information you submit to Top Class Actions does not create an attorney-client relationship and might not be protected by attorney-client privilege. Instead, your information will be forwarded to an attorney or claims processing firm for the purpose of a confidential review and potential representation. You should not use this website to submit confidential, time-sensitive, or privileged information. All photos contained on this website are of models and do not depict clients.

**Top Class Actions is a Proud Member of the American Bar Association**

**LEGAL INFORMATION IS NOT LEGAL ADVICE**

This site provides information about the law and lawsuits and is designed to help users safely cope with their own legal needs. Legal information is NOT the same as legal advice - the application of law to an individual's specific circumstances. Although we go to great lengths to make sure our information is accurate and useful, we recommend you consult a lawyer if you want professional assurance that our information, and your interpretation of it, is appropriate to your particular situation. **You should consider all postings or writings at TopClassActions.com by staff or others as personal opinion only and NOT the advice of a lawyer.** Top Class Actions Legal Statement

©2008 – 2019 Top Class Actions® LLC

Various Trademarks held by their respective owners

Please note: Top Class Actions is not a settlement administrator or law firm. Top Class Actions is a legal news source that reports on class action lawsuits, class action settlements, drug injury lawsuits and product liability lawsuits. Top Class Actions does not process claims and we cannot advise you on the status of any class action settlement claim. You must contact the settlement administrator or your attorney for any updates regarding your claim status, claim form or questions about when payments are expected to be mailed out.

ATTORNEY ADVERTISING

HOME   NEWS   SETTLEMENTS   INVESTIGATIONS   ATTORNEYS   SERVICES   FAQ   LEGAL NOTICE

CONTACT US



© 2019 Top Class Actions LLC. All right reserved.   |   Legal Notice   |   Contact Us

# EXHIBIT 2

| | |
|---|---|
| **From:** | Maia Kats |
| **To:** | Matt Borden |
| **Cc:** | Tracy Zinsou; David Kwasniewski; Laurence King; Michael Reese |
| **Subject:** | Re: Silver v BA Sports Nutrition LLC |
| **Date:** | Wednesday, March 11, 2020 11:57:08 AM |

?Greetings Matt,

Thanks for your email.

We are comfortable with the adequacy of our complaint, however, so will not be amending at this juncture.

Best, Maia

Maia C. Kats
Kaplan Fox & Kilsheimer, LLP
(202) 669-0658

This message is intended only for the use of the addressee and may contain information that is privileged and confidential by law. If you are not the intended recipient, you are hereby notified that any review, use, dissemination, or copying of this communication is strictly prohibited. Nothing in this communication is intended to constitute any waiver of any privilege or the confidentiality of this message. If you have received this communication in error, please notify the sender immediately by return email and delete all copies of the message and attachments.

_____
From: Matt Borden <borden@braunhagey.com>
Sent: Monday, March 9, 2020 5:41 PM
To: Maia Kats; Michael Reese
Cc: Tracy Zinsou; David Kwasniewski
Subject: Silver v BA Sports Nutrition LLC

Maia and Michael,

I hope your conference went well (and in fact actually went forward given everything that's going on in our assorted home towns).

We have had a chance to look more closely at the complaint and would like to meet and confer to hopefully avoid needlessly burdening the Court with motion practice.  Under Rule 9(b), a plaintiff must allege the who, what, when, where and why for each alleged purchase of my client's product so that a defendant may appropriately respond.  The complaint does not meet this standard because it fails to identify each of the specific the statements that each of your 4 different clients claims to have relied on in making their purported purchases, where they allegedly saw them and when.   For example, paragraph 22 alleges that Mr. Silver "saw and believed BA's representations, including on product labels, in-store displays, and otherwise, that BodyArmor would provide needed nutrients and superior hydration to him as compared to other beverages, including water, and was beneficial to his overall well-being.  He also believed the claims that it was more natural and better for him than other beverage options, and that BodyArmor was a lawfully marketed and sold product."  From this paragraph is it is unclear as to which specific statements Mr. Silver supposedly relied on, where he saw them, what he thought they meant, and why.  The allegations as to the other plaintiffs are similarly ambiguous.

Before needlessly consuming Judge Illston's time with a 12b motion, we wanted to bring this issue to your attention

so that plaintiffs can amend their pleading to cure this deficiency.  Please let us know if you intend to do so by no later than Thursday morning, so that we do not waste a bunch of time putting together a response to a pleading that you are going to change.

As usual, always glad to discuss.

Regards,

Matt

Matthew Borden
B R A U N H A G E Y  &  B O R D E N  L L P
Direct:  (415) 599-0212
BraunHagey & Borden LLP
351 California St., 10th Floor
San Francisco, CA 94104
Tel. & Fax: (415) 599-0210

New York
7 Times Square
27th Floor
New York, NY 10036-6524
Tel. & Fax: (646) 829-9403

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges.  If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system.  Thank you.