UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC SILVER, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>BA SPORTS NUTRITION, LLC,<br><br>    Defendant. | Case No. 20-cv-00633-SI<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 44 |

On September 4, 2020, the Court held a hearing on defendant's motion to dismiss the first amended complaint. After consideration of the parties' briefing and arguments, the Court DENIES the motion.

The Court concludes that plaintiffs have sufficiently alleged that defendant's sports drink labeling is misleading and deceptive to a reasonable consumer. The first amended complaint ("FAC") contains new allegations about the fruit-based labeling of the sports drinks (such as the naming of drinks in flavors such as "Strawberry Banana," images of named fruits on the labels, and advertising that the flavors are "natural") and alleges that plaintiffs "believed that BodyArmor drinks contained significant amounts of such fruits" and that "the vitamins in BodyArmor derived from the labeled fruits . . . and that such natural derivation was better for them." FAC ¶¶ 85, 87. The FAC alleges that the BodyArmor drinks do not contain a "characterizing amount—*if any*—of named and/or pictured fruits," and alleges that the labeling violates FDA regulations relating to labeling of flavored foods. *Id.* ¶ 88. The FAC also expands on previous allegations that plaintiffs were misled by the labeling to believe that the sports drinks provided health benefits because the labeling stated, *inter alia*, the drinks contained various vitamins and provided "superior hydration."

The Court cannot conclude, as a matter of law, that plaintiffs' allegations as set forth in the

FAC do not state a claim. Defendant argues that sports drinks are not "commonly expected" to contain fruit juice and therefore that the labels do not violate FDA regulations or consumer protection statutes. *See* 21 C.F.R. § 101.22(i)(1)(i). However, whether a sports drink is "commonly expected" to contain a fruit is a factual question that the Court cannot resolve on the pleadings. Further, while the Court previously found that plaintiff's allegations about "Superior Hydration" and health/sugar content were insufficient, plaintiffs have both amplified those allegations and added new allegations about the fruit-based labeling that, when viewed holistically, plausibly state a claim that a reasonable consumer was misled into believing that the drinks "benefitted their health and well-being." *Id.* ¶ 73. *See also Fisher v. Monster Bev. Corp.*, 656 Fed. App'x 819 (9th Cir. July 8, 2016).

Accordingly, the Court concludes that plaintiffs have stated a claim under the various consumer protection statutes alleged in the FAC. The Court is not persuaded by defendant's arguments based on the First Amendment. Finally, while the Court is skeptical that plaintiff Hill can proceed on his non-label marketing claims on a class basis, the Court will allow Hill to pursue his claims at this time.

**IT IS SO ORDERED**.

Dated: September 5, 2020

SUSAN ILLSTON
United States District Judge