

Kaplan Fox & Kilsheimer LLP
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Phone: 415.772.4700
Fax: 415.772.4707
Email: mail@kaplanfox.com
www.kaplanfox.com

October 5, 2020

**Via CM/ECF**
Honorable Susan Illston
United States District Judge

    Re:    <u>Silver, et al. v. BA Sports Nutrition, LLC</u>, Case No. 3:20-cv-00633-SI
              **Subpoena of Counsel**

Dear Judge Illston:

Counsel for Plaintiffs Marc Silver, Heather Peffer, and Alexander Hill oppose subpoenas served on Plaintiffs' counsel by Defendant BA Sports Nutrition, LLC ("Sports Nutrition"). They initiate this letter process independently per Section 3 of the Standing Order because Defendant would not agree to suspend the return date on the subpoena beyond October 9, and Plaintiffs did not wish to delay seeking judicial input thus.

*Plaintiffs' Position:*

On September 25, 2020, Defendant Sports Nutrition served subpoenas on Kaplan Fox & Kilsheimer, LLC and Reese LLP (the "subpoenas"). Thereafter the parties corresponded by email several times in advance of the meet and confer. In both instances (email and virtual meet and confer), Defendant baldly repeated its insistence that Plaintiffs comply with the subpoenas without supplying any authority or rationale for them other than "inadequacy of counsel."

The subpoenas, attached as Exhibit 1, are extraordinary because they target opposing counsel while seeking information that is not crucial to the preparation of Defendant's case, clearly privileged, and/or that is available elsewhere. They also disregard the lesson of *Anderson v. Ghaly*, No. 15-cv-05120-HSG, 2020 WL 3184494 (N.D. Cal. June 15, 2020) (Gilliam, J.), wherein this Court quashed subpoenas served on the Governor of California by the counsel for Defendant here. Attorney General Becerra characterized those BraunHagey subpoenas as "for the purpose of annoying and harassing." *Id.* at *9. The Court did not disagree and quashed them. The same rejection and treatment are appropriate here.

With respect to counsel, this Court has been clear: "There is a general presumption that lawyers should *not* be called to testify in cases where their client is a party because doing so *compromises the standards of the legal profession*." *Fausto v. Credigy Services Corp.*, No. C 07-5658 JW (RS), 2008 WL 4793467, at *1 (N.D. Cal. Nov. 3, 2008) (citing *Hickman v. Taylor*, 329 U.S. 495, 513 (1947)) (emphasis added) (string citations omitted). In order to upend the presumption, the subpoenaing party must show that:

    (1)    the desired information cannot be obtained by any other means;
    (2)    the desired information is relevant and non-privileged; and
    (3)    the desired information is crucial to the preparation of the case.

*Id.* (citing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)) (string citations omitted). Sports Nutrition cannot plausibly meet these criteria here.



To begin with, the subpoenas demand: "All communications regarding or related to this case or the claims herein." *See* Exh. 1, Req. 6. Given the breadth of this request, and applicable privileges, this request smacks of harassment and attempted intimation. In addition, to the extent there are any non-privileged communications of counsel, they would not be "crucial to the preparation of the case," and/or would be available elsewhere—much like the documents sought in *Anderson*.

The subpoenas also seek "All documents regarding Gatorade or the Gatorade Sports Science Institute." Exh. 1, Req. 5. However, to the extent counsel has collected any such documents, they represent attorney thought process and work product. More, if Defendant seeks information on Gatorade and/or from the Sports Institute, such request can be made directly to it without undermining privilege and "the standards of the profession." *Fausto*, 2008 WL 4793467, at *1. Request 4 seeks all communications between counsel and Gatorade or its Sports Science Institute. Again, if any exist, these would be available through other sources, and certainly are not crucial to proving whether Defendant violated the law or not. So too Request 7, which seeks all communications with NAD. Finally, Defendant has sought such information from Plaintiffs, rendering its subpoenas to counsel redundant at best.

Requests 8 and 9, which seek all documents regarding product testing and litigation funding, are not appropriately directed to counsel, and/or are privileged. They are also redundant of requests directed to Plaintiffs themselves. And finally, Requests 1 and 2, for all communications and documents regarding the solicitation or advertisement to prospective plaintiffs and communications with topclassactions.com, hark back to Attorney General Becerra's statements about Defense counsel's subpoena of the Governor—that is, they seek to harass and annoy with attempts to implicate others in nefarious or illegal conduct without any bases for doing so. To be clear, there is nothing unlawful about solicitation, and regardless, Defendant has *already* presented the Court with a copy of the written solicitation itself, which is undisputed. In addition, the information sought is available elsewhere, is redundant of other requests, and is not crucial to the case.

Instead of being designed to solicit information that is "*crucial to the preparation of the case*," *non-privileged*, and which *cannot be obtained elsewhere*, the subpoenas are designed to distract the Court from the merits of claims set forth in the First Amended Complaint, and represent an attempt to further menace and harass Plaintiffs' counsel and litigate along the serious lines previously described in Plaintiffs' Opposition to Defendant's Motion to Dismiss the First Amended Complaint (ECF 48 at n.1).

    Respectfully submitted,

    KAPLAN FOX & KILSHEIMER LLP

    By:  /s/ *Maia C. Kats*
         Maia C. Kats

cc:    All Counsel via CM/ECF