# Exhibit 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

MARC SILVER, et al.
*Plaintiff*
v.
BA SPORTS NUTRITION, LLC
*Defendant*

Civil Action No. 3:20-cv-00633-SI

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Kaplan Fox & Kilsheimer LLP, 1999 Harrison Street, Suite 1560, Oakland, CA 94612

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: BRAUNHAGEY & BORDEN LLP 351 California St., Tenth Fl., San Francisco, CA 94104 | Date and Time: 10/09/2020 12:00 am |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/25/2020

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant BA Sports Nutrition, LLC, who issues or requests this subpoena, are:

Tracy Zinsou, 351 California St., Tenth Fl., San Francisco, CA 94104, zinsou@braunhagey.com, Tel: (415) 599-0210

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:20-cv-00633-SI

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________

on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________________

______________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________

______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________________________
*Server's signature*

______________________________________________
*Printed name and title*

______________________________________________
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT 1**

**DEFINITIONS**

1. "YOU," or "YOUR" as used in these Requests for Production is defined to encompass Kaplan Fox & Kilsheimer LLP and any partners, employees, agents and representatives, consultants, attorneys or other persons acting under their control or behalf and includes, without limitation, any associated entity, including any predecessor, successor, affiliate, subsidiary or parent entity.

2. "DEFENDANT" or "BA Sports Nutrition, LLC" is defined to include, collectively and individually, Defendant BA Sports Nutrition, LLC and any partners, employees, agents and representatives, consultants, attorneys or other persons acting under its control or behalf and includes, without limitation, any associated entity, including any predecessor, successor, affiliate, subsidiary or parent entity.

3. "COMPLAINT" shall mean the operative complaint in the above-captioned action.

4. "DOCUMENT(S)" shall have a meaning that comports with FED. R. CIV. P. 34, and shall include, without limitation, electronically stored data such as computer files as well as all written, typewritten, printed and graphic materials however produced or reproduced, in YOUR possession, custody or control, pertaining in any way to the subject matter of this action. This definition includes but is not limited to any and all of the following: correspondence, letters, notes, memoranda, telegrams and cables, publications, contracts, agreements, insurance policies, offers, analyses, studies, books, papers, records, reports, calendars, diaries, statements, complaints, filings with any court or governmental agency, corporate minutes, ledgers, transcripts, summaries, agendas, work orders, repair orders, bills, invoices, receipts, estimates, evaluations, personnel files, diplomas, certificates, instructions, manuals, bulletins, advertisements, periodicals, accounting records, checks, financial records, notes or memoranda of telephone or personal conversations or conferences, intra-company communications, sound recordings, films, photographs, mechanical or electronic recordings, tapes, transcriptions and electronic mail.

5. "COMMUNICATION" or "COMMUNICATIONS" shall include, without limitation, electronic mail, text messages, instant messages, intra-company communications,

voicemail, sound records, and telephone or cellular phone records. For the avoidance of doubt, COMMUNICATIONS encompass, without limitation, data stored on YOUR personal electronic devices, YOUR email accounts, and/or on any other media or devices within YOUR possession, custody, or control.

6. A request for all DOCUMENTS "RELATED TO" or "RELATING TO" a subject extends to each DOCUMENT making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

7. "PERSON" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

8. "GATORADE" is defined to include, collectively and individually, The Gatorade Company, Inc. and any partners, employees, agents and representatives, consultants, attorneys or any persons acting under its control or behalf and includes, without limitation, any associated entity, including any predecessor, successor, affiliate, subsidiary or parent entity.

9. "GATORADE SPORTS SCIENCE INSTITUTE" is defined to include, collectively and individually, The Gatorade Sports Science Institute, Inc. and any partners, employees, agents and representatives, consultants, attorneys or any persons acting under its control or behalf and includes, without limitation, any associated entity, including any predecessor, successor, affiliate, subsidiary or parent entity.

10. "NAD" is defined to include, collectively and individually, the National Advertising Division and any partners, employees, agents and representatives, consultants, attorneys or any persons acting under its control or behalf and includes, without limitation, any associated entity, including any predecessor, successor, affiliate, subsidiary or parent entity

11. The terms "REGARDING" and "CONCERNING" mean pertaining to, referring to, relating to, concerning, describing, mentioning, containing, evidencing, constituting, dealing with, discussing, considering, analyzing, studying, reporting on, commenting on, setting forth, supporting, recommending or otherwise concerning in any manner whatsoever the subject matter of the inquiry.

12. The word “including” and “include” as used herein are illustrative and are in no way a limitation on the information requested.

13. The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words “and” and “or” shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any request for the production; the word “all” means “any and all”; the word “any” means “any and all”; the word “including” means “including without limitation.”

**INSTRUCTIONS**

1. The following inspection demands seek production for inspection and copying of all responsive DOCUMENTS in YOUR possession, custody, or control, wherever located, and specifically includes all DOCUMENTS in the possession, custody, or control of YOUR agents, partners, officers, employees, attorneys, accountants, investigators, representatives, and each of them.

2. Any non-identical copy of a DOCUMENT, including copies with notes, highlighting, comments, or marginalia of any nature, and drafts, must be identified and produced as a separate DOCUMENT.

3. If there are no DOCUMENTS responsive to a category in this inspection demand, please state so in writing.

4. For each DOCUMENT that YOU decline to make available for inspection and copying on the grounds of privilege or the attorney work product rule, provide the following information:

a. State the date on which the DOCUMENT was created;

b. State the title of the DOCUMENT;

c. Briefly describe the nature and contents of the DOCUMENT;

d. IDENTIFY each person or entity that received a copy of the DOCUMENT or to whom the DOCUMENT or its contents were disclosed;

e. IDENTIFY the privilege or rule that YOU contend protects the DOCUMENT from disclosure; and

    f. IDENTIFY each fact on which YOU base YOUR contention that the privilege or rule identified in YOUR response is applicable.

g. If any material is redacted from a DOCUMENT, please so indicate in the response to the inspection demand and state the basis for such redaction.

5. Please produce the original of each DOCUMENT and all copies thereof, if any copy is other than identical to the original, in the order called for in the categories listed below.

6. If, for any reason, any of the objects or tangible things to be produced pursuant to these inspection demands has been destroyed, lost or otherwise disposed of, please state for each category the following information:

a. A description of the DOCUMENT, object or tangible thing to be produced. If the destroyed, lost or otherwise disposed of item is a DOCUMENT, IDENTIFY the DOCUMENT by date, drafter, recipient and subject matter.

b. The date the DOCUMENT, object or tangible thing was lost, destroyed or disposed of.

c. All witnesses who have knowledge of the loss, destruction or disposal.

d. If the loss, destruction or disposal related to an object or tangible thing, IDENTIFY all DOCUMENTS that relate or refer to the loss, destruction or disposal.

7. DOCUMENTS should be produced in their native format where applicable.

## **DOCUMENTS TO BE PRODUCED**

**REQUEST NO. 1:**

All COMMUNICATIONS and DOCUMENTS REGARDING the solicitation of, or advertisement to, prospective plaintiffs in this action.

**REQUEST NO. 2:**

All COMMUNICATIONS between YOU and topclassactions.com and/or the PERSONS who own, control or run this website.

**REQUEST NO. 3:**

All COMMUNICATIONS and DOCUMENTS REGARDING the solicitation of, or advertisement to, prospective plaintiffs in other actions.

**REQUEST NO. 4:**

All COMMUNICATIONS with GATORADE or the GATORADE SPORTS SCIENCE INSTITUTE.

**REQUEST NO. 5:**

All DOCUMENTS REGARDING GATORADE or the GATORADE SPORTS SCIENCE INSTITUTE.

**REQUEST NO. 6:**

All COMMUNICATIONS REGARDING or RELATED TO this case or the claims herein.

**REQUEST NO. 7:**

All COMMUNICATIONS with NAD RELATED TO this case.

**REQUEST NO. 8:**

All DOCUMENTS REGARDING litigation funding RELATED TO this case.

**REQUEST NO. 9:**

All DOCUMENTS REGARDING product testing RELATED TO this case.

Dated: September 25, 2020

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By: */s/ Matthew Borden*
Matthew Borden

*Attorney for Defendant*
*BA Sports Nutrition, LLC*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

MARC SILVER, et al.
*Plaintiff*
v.
BA SPORTS NUTRITION, LLC
*Defendant*

Civil Action No. 3:20-cv-00633-SI

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Reese LLP, 8484 Wilshire Boulevard, Los Angeles, CA 90211

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: BRAUNHAGEY & BORDEN LLP 351 California St., Tenth Fl., San Francisco, CA 94104 | Date and Time: 10/09/2020 12:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/25/2020

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant BA Sports Nutrition, LLC, who issues or requests this subpoena, are:

Tracy Zinsou, 351 California St., Tenth Fl., San Francisco, CA 94104, zinsou@braunhagey.com, Tel: (415) 599-0210

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:20-cv-00633-SI

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ____________________

on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ____________________

____________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ____________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

____________________
*Server's signature*

____________________
*Printed name and title*

____________________
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT 1**

**DEFINITIONS**

1. "YOU," or "YOUR" as used in these Requests for Production is defined to encompass Reese LLP and any partners, employees, agents and representatives, consultants, attorneys or other persons acting under their control or behalf and includes, without limitation, any associated entity, including any predecessor, successor, affiliate, subsidiary or parent entity.

2. "DEFENDANT" or "BA Sports Nutrition, LLC" is defined to include, collectively and individually, Defendant BA Sports Nutrition, LLC and any partners, employees, agents and representatives, consultants, attorneys or other persons acting under its control or behalf and includes, without limitation, any associated entity, including any predecessor, successor, affiliate, subsidiary or parent entity.

3. "COMPLAINT" shall mean the operative complaint in the above-captioned action.

4. "DOCUMENT(S)" shall have a meaning that comports with FED. R. CIV. P. 34, and shall include, without limitation, electronically stored data such as computer files as well as all written, typewritten, printed and graphic materials however produced or reproduced, in YOUR possession, custody or control, pertaining in any way to the subject matter of this action. This definition includes but is not limited to any and all of the following: correspondence, letters, notes, memoranda, telegrams and cables, publications, contracts, agreements, insurance policies, offers, analyses, studies, books, papers, records, reports, calendars, diaries, statements, complaints, filings with any court or governmental agency, corporate minutes, ledgers, transcripts, summaries, agendas, work orders, repair orders, bills, invoices, receipts, estimates, evaluations, personnel files, diplomas, certificates, instructions, manuals, bulletins, advertisements, periodicals, accounting records, checks, financial records, notes or memoranda of telephone or personal conversations or conferences, intra-company communications, sound recordings, films, photographs, mechanical or electronic recordings, tapes, transcriptions and electronic mail.

5. "COMMUNICATION" or "COMMUNICATIONS" shall include, without limitation, electronic mail, text messages, instant messages, intra-company communications, voicemail, sound records, and telephone or cellular phone records. For the avoidance of doubt,

COMMUNICATIONS encompass, without limitation, data stored on YOUR personal electronic devices, YOUR email accounts, and/or on any other media or devices within YOUR possession, custody, or control.

6. A request for all DOCUMENTS "RELATED TO" or "RELATING TO" a subject extends to each DOCUMENT making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

7. "PERSON" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

8. "GATORADE" is defined to include, collectively and individually, The Gatorade Company, Inc. and any partners, employees, agents and representatives, consultants, attorneys or any persons acting under its control or behalf and includes, without limitation, any associated entity, including any predecessor, successor, affiliate, subsidiary or parent entity.

9. "GATORADE SPORTS SCIENCE INSTITUTE" is defined to include, collectively and individually, The Gatorade Sports Science Institute, Inc. and any partners, employees, agents and representatives, consultants, attorneys or any persons acting under its control or behalf and includes, without limitation, any associated entity, including any predecessor, successor, affiliate, subsidiary or parent entity.

10. "NAD" is defined to include, collectively and individually, the National Advertising Division and any partners, employees, agents and representatives, consultants, attorneys or any persons acting under its control or behalf and includes, without limitation, any associated entity, including any predecessor, successor, affiliate, subsidiary or parent entity

11. The terms "REGARDING" and "CONCERNING" mean pertaining to, referring to, relating to, concerning, describing, mentioning, containing, evidencing, constituting, dealing with, discussing, considering, analyzing, studying, reporting on, commenting on, setting forth, supporting, recommending or otherwise concerning in any manner whatsoever the subject matter of the inquiry.

12. The word "including" and "include" as used herein are illustrative and are in no way a limitation on the information requested.

13. The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any request for the production; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including without limitation."

## INSTRUCTIONS

1. The following inspection demands seek production for inspection and copying of all responsive DOCUMENTS in YOUR possession, custody, or control, wherever located, and specifically includes all DOCUMENTS in the possession, custody, or control of YOUR agents, partners, officers, employees, attorneys, accountants, investigators, representatives, and each of them.

2. Any non-identical copy of a DOCUMENT, including copies with notes, highlighting, comments, or marginalia of any nature, and drafts, must be identified and produced as a separate DOCUMENT.

3. If there are no DOCUMENTS responsive to a category in this inspection demand, please state so in writing.

4. For each DOCUMENT that YOU decline to make available for inspection and copying on the grounds of privilege or the attorney work product rule, provide the following information:

a. State the date on which the DOCUMENT was created;

b. State the title of the DOCUMENT;

c. Briefly describe the nature and contents of the DOCUMENT;

d. IDENTIFY each person or entity that received a copy of the DOCUMENT or to whom the DOCUMENT or its contents were disclosed;

e. IDENTIFY the privilege or rule that YOU contend protects the DOCUMENT from disclosure; and

      f.    IDENTIFY each fact on which YOU base YOUR contention that the privilege or rule identified in YOUR response is applicable.

      g.    If any material is redacted from a DOCUMENT, please so indicate in the response to the inspection demand and state the basis for such redaction.

5. Please produce the original of each DOCUMENT and all copies thereof, if any copy is other than identical to the original, in the order called for in the categories listed below.

6. If, for any reason, any of the objects or tangible things to be produced pursuant to these inspection demands has been destroyed, lost or otherwise disposed of, please state for each category the following information:

      a.    A description of the DOCUMENT, object or tangible thing to be produced. If the destroyed, lost or otherwise disposed of item is a DOCUMENT, IDENTIFY the DOCUMENT by date, drafter, recipient and subject matter.

      b.    The date the DOCUMENT, object or tangible thing was lost, destroyed or disposed of.

      c.    All witnesses who have knowledge of the loss, destruction or disposal.

      d.    If the loss, destruction or disposal related to an object or tangible thing, IDENTIFY all DOCUMENTS that relate or refer to the loss, destruction or disposal.

7. DOCUMENTS should be produced in their native format where applicable.

**DOCUMENTS TO BE PRODUCED**

**REQUEST NO. 1:**

All COMMUNICATIONS and DOCUMENTS REGARDING the solicitation of, or advertisement to, prospective plaintiffs in this action.

**REQUEST NO. 2:**

All COMMUNICATIONS between YOU and topclassactions.com and/or the PERSONS who own, control or run this website.

**REQUEST NO. 3:**

All COMMUNICATIONS and DOCUMENTS REGARDING the solicitation of, or advertisement to, prospective plaintiffs in other actions.

**REQUEST NO. 4:**

All COMMUNICATIONS with GATORADE or the GATORADE SPORTS SCIENCE INSTITUTE.

**REQUEST NO. 5:**

All DOCUMENTS REGARDING GATORADE or the GATORADE SPORTS SCIENCE INSTITUTE.

**REQUEST NO. 6:**

All COMMUNICATIONS REGARDING or RELATED TO this case or the claims herein.

**REQUEST NO. 7:**

All COMMUNICATIONS with NAD RELATED TO this case.

**REQUEST NO. 8:**

All DOCUMENTS REGARDING litigation funding RELATED TO this case.

**REQUEST NO. 9:**

All DOCUMENTS REGARDING product testing RELATED TO this case.

Dated: September 25, 2020

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By: */s/ Matthew Borden*
Matthew Borden

*Attorney for Defendant*
*BA Sports Nutrition, LLC*