**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
*lking@kaplanfox.com*
Mario M. Choi (SBN 243409)
*mchoi@kaplanfox.com*
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: (415) 772-4700
Facsimile: (415) 772-4707

**KAPLAN FOX & KILSHEIMER LLP**
Maia C. Kats (*pro hac vice*)
*mkats@kaplanfox.com*
6109 32nd Place, Northwest
Washington, DC 20015
Telephone: (202) 669-0658

**KAPLAN FOX & KILSHEIMER LLP**
Donald R. Hall (*pro hac vice* to be sought)
*dhall@kaplanfox.com*
850 Third Avenue, 14th Floor
New York, New York 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

**REESE LLP**
Michael R. Reese (SBN 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, NY 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**REESE LLP**
George V. Granade (SBN 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARC SILVER, HEATHER PEFFER, ALEXANDER HILL, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BA SPORTS NUTRITION, LLC,<br><br>Defendant. | Case No. 3:20-CV-00633-SI<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO QUASH DEFENDANT'S SUBPOENAS TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge: Hon. Susan Illston<br>Courtroom: 1, 17th Floor<br>Date: November 6, 2020<br>Time: 10:00 a.m. |

- i -

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 6, 2020, at 10:00 a.m., via Zoom Webinar or in Courtroom 1 of the United States District Court for the Northern District of California, Philip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, the Honorable Susan Illston, presiding, Plaintiffs Marc Silver, Heather Peffer, and Alexander Hill ("Plaintiffs") will and hereby do move for an Order quashing the Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena"), served by Defendant BA Sports Nutrition LLC ("Defendant" or "Sports Nutrition"), on Plaintiffs' counsel, Kaplan Fox & Kilsheimer LLP and Reese LLP, and such other relief as it deems appropriate.

This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, the accompanying Declaration of Maia C. Kats in Support of Plaintiffs' Motion to Quash Subpoenas, dated October 15, 2020 ("Kats Declaration"), and the exhibits attached thereto, the pleadings and records on file in this Action, and other such matters and argument as the Court may consider at the hearing of this motion.

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should quash the Subpoenas inappropriately served on Plaintiffs' counsel.

2. Whether the Court should order other relief as it deems appropriate.

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND .............................................................................................................. 1

III. ARGUMENT: THE SUBPOENAS ARE IMPROPER ON THEIR FACE
AND SHOULD BE QUASHED WITHOUT DELAY ..................................................... 4

    A. No Other Means: The Subpoenas Fail *Shelton* Prong One ..................................... 6

    B. Relevant and Not Privileged: The Subpoenas Fail *Shelton* Prong Two ................... 8

    C. Crucial to Case Preparation: The Subpoenas Fail Prong Three of *Shelton* ............ 10

IV. CONCLUSION .............................................................................................................. 11

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Allen v. Brown Advisory, LLC*,
  No. 3:20-mc-00008, 2020 WL 5603760 (W.D. Va. Sept. 17, 2020)..........................................5

*Am. Fed'n of State, Cnty. and Mun. Emp. (AFSCME) Council 79 v. Scott*,
  277 F.R.D. 474 (S.D. Fla. 2011)..............................................................................................8

*Anderson v. Ghaly*,
  No. 15-cv-05120-HSG, 2020 WL 3184494 (N.D. Cal. June 15, 2020) ................................3, 5

*Fausto v. Credigy Serv. Corp.*,
  No. C 07-5658 JW (RS), 2008 WL 4793467 (N.D. Cal. Nov. 3, 2008)........................................4

*Flotsam of Cal. Inc. v. Huntington Bach Conf. & Visitors Bureau*,
  No. C 06-7028 MMC (MEJ), 2007 WL 4171136 (N.D. Cal. Nov. 26, 2007) .............................8

*In re ComUnity Lending Inc.*,
  No. C 08-00201 JW, 2011 WL 7479165 (N.D. Cal. June 6, 2011).............................................3

*Katziff v. Beverly Enterpr. Inc.*,
  No. 07-11456-NMG, 2009 WL 10729569 (D. Mass. Apr. 17, 2009) .........................................3

*Kirzhner v. Silverstein*,
  870 F. Supp. 2d 1145 (D. Colo. Jan. 12, 2012) ..................................................................5, 12

*Kirzhner v. Silverstein*,
  No. 09-cv-02828-CMA-BNB, 2011 WL 1321750 (D. Colo. Apr. 5, 2011) ................................5

*Monster Energy Co. v. Vital Pharm., Inc.*,
  No. 5:18-cv-01882-JGB (SHKx), 2020 WL 2405295 (C.D. Cal. Mar. 10, 2020) ..............*passim*

*Patsy's Italian Rest., Inc. v Banas*,
  No. 06-cv-00729 (DLI) (RER), 2007 WL 174131 (E.D.N.Y. Jan. 19, 2007) .............................5

*Rainsy v. Chevron Corp.*,
  No. 16-mc-80258-DMR, 2017 WL 5508913 (N.D. Cal. Nov. 17, 2017) ....................................3

*Rygg v. Hulbert*,
  No. C11-1827 JLR, 2013 WL 264762 (W.D. Wash. Jan. 23, 2013)............................................5

*S.E.C. v. Small Business Capital Corp.*,
  No. 5:12-cv-03237 EJD, 2012 WL 6584953 (N.D. Cal. Dec. 17, 2012) ....................................3

*Shelton v. Am. Motors Corp.*,
  805 F.2d 1323 (8th Cir. 1986) ..........................................................................................*passim*

*Stone Brewing Co., LLC v. Miller Coors LLC.*,
  No. 18cv331-BEN(LL), 2019 WL 4450754 (S.D. Cal. Sept. 17, 2019) ......................................2

*Walker v. B&G Foods, Inc.*,
  No. 15-cv-03772-JST, 2019 WL 3934941 (N.D. Cal. Aug. 20, 2019) ........................................2

**TABLE OF AUTHORITIES (cont'd.)**

**Page(s)**

*XTO Energy, Inc. v. ATD, LLC*,
   No. CIV 14-1021 JB/SCY, 2016 WL 1730171 (D.N.M. Apr. 1, 2016).......................5

**Rules**

Federal Rules of Civil Procedure
   Rule 37(a)(5)(A) ..................................................................................................5

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

On September 25, 2020 Defendant subpoenaed counsel for Plaintiffs seeking a broad swath of documents on far-ranging topics. Defendant served separate subpoenas on both the law firms of Kaplan Fox & Kilsheimer LLP and Reese LLP. *See* Kats Decl., Ex. A. Initially, Plaintiffs responded by requesting that they be withdrawn, or, in the alternative, asking that Defendant identify its supporting authority for the Subpoenas. Neither effort was successful. Then, Plaintiffs' counsel sent a letter brief to the Court,[1] only to be met with erroneous counterstatements by Defendant in an opposition letter.[2] At this point, thus, Plaintiffs move to quash the Subpoenas—with a full throttle defense of their firms, as well as citation to Defense counsel's diversionary, wasteful, and burdensome tactics to date in this case, and elsewhere.

To be clear, Plaintiffs' counsel do not invite or foment incivility in their cases, and take *no* pleasure in this motion; they would have greatly preferred an amicable and appropriate resolution otherwise. *See* Opp'n to Mot. to Dismiss First Am. Compl., dated Aug. 11, 2020 ("OMTDFAC"), at 1 & n.1 [Dkt. 48]. However, in light of the clear impropriety of the Subpoenas under controlling law, something that must have been obvious to Defendant from the outset, and other Defendant's conduct to date, Plaintiffs' counsel have concluded that without the following discussion and motion, both discovery and this litigation writ large will devolve into chaos. Controlling caselaw is clear: The Subpoenas are improper and indefensible and should be quashed. And Defense counsel should once again be warned against such tactics.

## II.  BACKGROUND

True to the calling card of its counsel, which advertises "aggressive strategies to outmaneuver opponents,"[3] Defendant has employed tactics intended to burden, harass, and intimidate Plaintiffs from the start of this litigation. Whether filing memoranda with this Court

---

[1] Pls' Discovery Letter, dated Oct. 5, 2020 ("Pls' Discovery Letter") [Dkt. 62].
[2] Def's Response to Discovery Letter, filed Oct. 6, 2020 ("Def's Response") [Dkt. 64].
[3] *See* https://www.braunhagey.com/ (last visited Oct. 14, 2020).

stating *baselessly* that Plaintiffs' counsel had committed ***fraud***, mischaracterizing documents and Plaintiffs' communications in both its motion to dismiss[4] and discovery letter brief,[5] unilaterally serving deposition notices (without consultation)[6] and thereafter repeatedly accusing Plaintiffs of malfeasance when alternates are suggested[7]—before bothering itself to answer the First Amended Complaint (technically in default) or to serve its initial disclosures (still missing), forcing unnecessary motions practice by failing to respond to communications, or most recently, by subpoenaing Plaintiffs' counsel, Defendant's *modus operandi* is already apparent. Defendant seeks to divert (and thereby subvert) litigation of Plaintiffs' unlawful and deceptive advertising claims—claims that both survived Defendant's motion to dismiss and are supported by multiple findings of the Better Business Bureau's National Advertising Division ("NAD")[8]—by manufacturing distractions and defenses having little or nothing to do with the merits of the case. Defendant does so through unfounded accusations and all manner of mudslinging against Plaintiffs and their counsel, all the while it seems hoping that something, anything, will stick.

Notably, Defendant's strategy is not a one-off fomented by some credible evidence of wrongdoing by Plaintiffs or their counsel. As indicated in earlier pleadings, a simple search on Westlaw of sanctions motions filed by Defendant's counsel reveals a *recurring* strategy to reframe litigations and deflect attention by lodging accusations of wrongdoing against opposing counsel and parties—including, most recently, against the Governor of California. Some courts have simply rejected the accusations—often targeted at obtaining sanctions in the form of favorable evidentiary inferences. *See, e.g.*, *Walker v. B&G Foods, Inc.*, No. 15-cv-03772-JST, 2019 WL 3934941, at *4 (N.D. Cal. Aug. 20, 2019) (denying Defense counsel's motion to sanction opposing counsel); *Stone Brewing Co., LLC v. Miller Coors LLC.*, No. 18cv331-BEN(LL), 2019 WL

---

[4] *See* Def's Mot. to Dismiss the First Am. Compl., dated July 21, 2020 [Dkt. 44].

[5] *See* Def's Response.

[6] See Kats Decl., Ex. B.

[7] See Kats Decl., Ex. D.

[8] *See* Decl. of Maia C. Kats in Supp. of Pls' Opp'n to Def's Mot. to Dismiss, dated Aug. 11, 2020, Ex. A [Dkt. 48-2].

4450754, at *7 (S.D. Cal. Sept. 17, 2019) (denying Defense counsel's motion for evidentiary sanctions); *In re ComUnity Lending Inc.*, No. C 08-00201 JW, 2011 WL 7479165, at *1-2, *6 (N.D. Cal. June 6, 2011) (denying Defense counsel's motion for evidentiary sanctions); *S.E.C. v. Small Business Capital Corp.*, No. 5:12-cv-03237 EJD, 2012 WL 6584953, at *1-2 (N.D. Cal. Dec. 17, 2012) (denying Defense counsel's motion for sanctions). Others have expressly warned Defense counsel against premature or unfounded Rule 11 motions. *See, e.g.*, *Katziff v. Beverly Enterpr. Inc.*, No. 07-11456-NMG, 2009 WL 10729569, at *3-4 (D. Mass. Apr. 17, 2009) (advising "to proceed properly and to refrain from filing motions for sanctions without due consideration."). In yet another case (of many others), this Court, noting the misconduct charges and related inability of counsel to cooperate, ordered that barring agreement, any further discovery meet and confers occur at the courthouse under supervision. *See Rainsy v. Chevron Corp.*, No. 16-mc-80258-DMR, 2017 WL 5508913, at *4 (N.D. Cal. Nov. 17, 2017). Indeed, Attorney General Becerra characterized Defense counsel's strategy as intending to "harass and intimate." The Attorney General of California successfully moved to quash that subpoena from Defendant's counsel, defeating arguments with strong echoes here, that is, that the Governor was somehow engaging in improper and unethical activities with others purportedly relevant to the underlying litigation. *Anderson v. Ghaly*, No. 15-cv-05120-HSG, 2020 WL 3184494, at *9-10 (N.D. Cal. June 15, 2020) (Gilliam, J.).

      Though unsurprising, it is clear that the Subpoenas served by Defendant on opposing counsel are extraordinary in their audacity, breadth, and impropriety. This is especially so given that Defendant's purported basis for them—to show inadequacy of counsel, champerty, etc.[9]—is not only absurd given the reputations Plaintiffs' counsel, but nonsensical since solicitation in topclassactions.com is not in dispute: the purportedly offending advertisement is in Defendant's possession and has already been provided, and acknowledged, to the Court. OMTDFAC at 1 & n.1. If Defendant chooses to make some argument based on solicitation (and Plaintiffs have plenty to say about that), it can.

---

[9] *See* Def's Response.

Because the subpoenas are patently indefensible under governing precedent, as discussed below, they should be quashed and admonished.

### III. ARGUMENT: THE SUBPOENAS ARE IMPROPER ON THEIR FACE AND SHOULD BE QUASHED WITHOUT DELAY

Well-established precedent mandates that Defendant's Subpoenas to Plaintiffs' counsel be quashed. While counsel for parties are not automatically exempt from discovery, "courts generally disfavor subjecting opposing [] counsel to discovery and recognize its potential disruptive effect on the attorney-client relationship and the adversarial process." *Monster Energy Co. v. Vital Pharm., Inc.*, No. 5:18-cv-01882-JGB (SHKx), 2020 WL 2405295, at *6 (C.D. Cal. Mar. 10, 2020) (citing implications for attorney-client privilege and work-product doctrine) (string citations omitted). Put another way, "discovery sought from opposing counsel is *universally disfavored*." *Id.* at *9 (emphasis added).

The threshold test for discovery of counsel is formidable—and the burden is on the party seeking such discovery to meet it. *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). As set forth in *Shelton*, the seminal case on counsel discovery, the subpoenaing party must show three things: "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Monster*, 2020 WL 2405295, at *7 (quoting *Shelton*, 805 F.2d at 1327). The test is conjunctive. *See also Fausto v. Credigy Serv. Corp.*, No. C 07-5658 JW (RS), 2008 WL 4793467, at *1 (N.D. Cal. Nov. 3, 2008) ("There is a general presumption that lawyers should not be called to testify in cases where their client is a party because doing so compromises the standards of the legal profession.") (citing *Hickman v. Taylor*, 329 U.S. 495, 513 (1947)) (string citations omitted).

*Shelton* and its progeny apply here. While Defendant earlier attempted to distinguish the case on the basis that *Shelton* involved a deposition and not documents, *see* Def's Response, such distinction is not valid. Courts in the Ninth Circuit and elsewhere have routinely held that *Shelton* applies equally to document subpoenas given that both document and deposition subpoenas

1  implicate the same concerns. *Monster Energy Co.*, 2020 WL 2405295, at *8 (citing *Flotsam of*
2  *Cal. Inc. v. Huntington Bach Conf. & Visitors Bureau*, No. C 06-7028 MMC (MEJ), 2007 WL
3  4171136, at *1 (N.D. Cal. Nov. 26, 2007) (rejecting subpoena to opposing counsel for documents
4  purportedly relating to counsel "*orchestrated*" litigation and activities); *Patsy's Italian Rest., Inc. v*
5  *Bana*s, No. 06-cv-00729 (DLI) (RER), 2007 WL 174131, at *2-4 (E.D.N.Y. Jan. 19, 2007)
6  (quashing subpoena to non-party counsel); *Rygg v. Hulbert,* No. C11-1827 JLR, 2013 WL 264762,
7  at *1 (W.D. Wash. Jan. 23, 2013) (quashing subpoena, noting that "document requests are the
8  substantial equivalent of depositions for these purposes and are just as problematic . . . for the
9  same reasons"); *Kirzhner v. Silverstein*, No. 09-cv-02828-CMA-BNB, 2011 WL 1321750, at *1-3
10 (D. Colo. Apr. 5, 2011) (quashing subpoena for deposition and document production from non-
11 party opposing counsel), objections sustained in material part by *Kirzhner v. Silverstein*, 870 F.
12 Supp. 2d 1145, 1150-51 (D. Colo. Jan. 12, 2012) (noting the "ugliness of [this] type of discovery,"
13 citing Defendant's failure to establish that documents were unavailable from other sources, and
14 finding grant of attorney's fees to subpoenaed counsel mandatory under Fed. R. Civ. P.
15 37(a)(5)(A))); *see also Allen v. Brown Advisory, LLC*, No. 3:20-mc-00008, 2020 WL 5603760, at
16 *2-3 (W.D. Va. Sept. 17, 2020) (same); *XTO Energy, Inc. v. ATD, LLC*, No. CIV 14-1021
17 JB/SCY, 2016 WL 1730171, at *31 (D.N.M. Apr. 1, 2016) (noting that a subpoena duces tecum
18 "may be more burdensome than merely attempting to obtain testimony").

19      Defendant's Subpoenas on non-party opposing counsel cannot meet *any* of the *Shelton*
20 prongs, let alone all of them as the law requires. Instead, and as in *Monster*, the instant Subpoenas
21 are "designed to **fish for evidence** supporting [Defendant's] *unsubstantiated and baseless theory*
22 that Monster's counsel *conspired* with [others]." 2020 WL 2405295, *9 (emphasis added). Here,
23 much like the failed accusations by Defense counsel that Governor Newsom conspired with
24 donors, *see Ghaly*, 2020 WL 3184494, at *9, Defendant bizarrely implies that Plaintiffs' counsel
25 here may have unlawfully conspired with the NAD—a well-established and highly credible
26 *industry* organization—and/or the Gatorade Sports Institute—run by Defendant's key competitor,
27 which parent company Plaintiffs' counsel previously *sued* for deceptive advertising as Litigation
28

Director at the Center for Science in the Public Interest[10]—along with other convoluted plot scenarios. *See* Def's Response. But a desire to fish in counsels' files for evidence of something somewhere that will divert the Court's attention fails the *Shelton* test. Indeed, the Subpoenas fail *each and every prong* of *Shelton*, starting with the first. In other words, the Subpoenas never should have been served.

### A.  No Other Means: The Subpoenas Fail *Shelton* Prong One

The first prong of the *Shelton* test is "*no other means* exist to obtain the information than to depose opposing counsel…." *Monster*, 2020 WL 2405295, at *7 (quoting *Shelton*, 805 F.2d at 1327) (emphasis added). "No other means" means just what is says, and not that one source is preferable to Defendant, or even easier, or a backup. It is a very high standard indeed, and for good reason. *Defendant fails the first prong across-the-board*.

Even construing everything in the light most favorable to Defendant, all of the subpoenaed documents that are relevant, non-privileged, and crucial to the case, are available from other sources. For example, SRFP[11] 6 audaciously demands from opposing counsel, "All communications regarding or related to this case or the claims herein." But it is instantly apparent that responsive materials not in the possession or control of other sources, including Plaintiffs, topclassactions.com, or the like, would be covered by the attorney-client privilege or work product doctrine. Memoranda of law? Draft pleadings? Strategic communications between counsel? Counsel-gathered studies and advertisements? The list goes on and on. Moreover, Defendant itself has already acknowledged that counsel is not the *only* means of obtaining such information: Defendant contemporaneously served identical requests on others![12] It is impossible thus for Defendant to meet its burden on prong one—again, across-the-board.

---

[10] *See, e.g.*, Feb. 14, 2017 Letter from Gibson Dunn to Center for Science in the Public Interest re Naked Juice Product Labeling, https://cspinet.org/sites/default/files/attachment/Public%20 Settlement%20signed%20by%20CSPI%20%20Pepsi.pdf.

[11] "SFRP" refers to the Subpoena document requests. *See* Kats Decl., Ex. A.

[12] While Defendant dropped a footnote in its Response withdrawing SRFP 6, it did so only belatedly—that is *after* subpoenaed counsel sought relief from the Court. SRFP 6 remains in many ways identical to other requests, and highly illustrative of the Subpoenas' failings overall.

For example, SRFP 1 for "All communications and documents regarding the solicitation of, or advertisement to, prospective plaintiffs in this action," is clearly available elsewhere; namely, from Plaintiffs and topclassactions.com. This is known to Defendant, who served an identical document request on Plaintiffs, and possibly others. *Compare* SRFP 1 *with* RFP 1;[13] *compare also* SFRP 6 *with* RFP 8. The same is true for SFRP 2, which subpoenas "All communications between you and topclassactions.com and/or the persons who own, control or run this website." *Compare* SFRP 2 *with* RFP 2. Not only has Defendant demanded identical information from Plaintiffs, but the information is also clearly available from topclassactions.com, if otherwise discoverable. This plainly does not meet the "no other means" standard elucidated in *Shelton* and its progeny.

SRFP 3 for "All communications and documents regarding the solicitation of, or advertisement to, prospective plaintiffs in *other* actions" is similarly flawed, mirrors RFP 3, and also would be available from other sources than counsel (beyond other faults including its focus on litigations non-crucial (if not irrelevant) to this case). SRFP 4 seeks "All communications with Gatorade or the Gatorade Sports Science Institute." These also are clearly —on their face— available from another entity, failing the "no other means" test, and have also been requested of Plaintiffs (*see* RFP 4)—again undercutting Defendant's ability to satisfy even prong one. SRFP 5 seeks "All documents regarding Gatorade or the Gatorade Sports Science Institute," which documents of interest Defendant can seek directly from those entities itself, or simply by surfing the internet. *See, e.g.*, *Monster*, 2020 WL 2405295, at *12. Regardless, Defendant is already seeking documents from Plaintiffs and if properly discoverable, they will be produced. *Compare* SRFP 5 *with* RFP 5. Similarly, SRFP 7 seeks "All communications with NAD related to this case," which is identical to documents sought from Plaintiffs, *see* RFP 9, and clearly available from NAD itself. And SRFP 8 and 9, concerning litigation funding and product testing, again mimic RFP 10 and 11, defying the "only means" requirement.

---

[13] *See* Kats Decl., Ex. B (Def's Req. for Prod. of Docs. to Pls.). The requests to each Plaintiff are exactly the same.

Simply put, as in *Monster*, Defendant cannot meet its burden of showing that the information sought (other than clearly privileged counsel records) is not available elsewhere—that is, that Defendant has "no other means" other than to subpoena opposing counsel for them. This is apparent from the *face of the requests themselves as well as from the identical requests to others*. Given that the *Shelton* test is conjunctive, the analysis should end here, and the Subpoenas quashed now. They are harassing, burdensome, and a time sink for counsel who would otherwise be preparing Plaintiffs' discovery of Defendant related to the legal claims set forth in the First Amended Complaint. Already, Defendant's dilatory tactic is in play, prejudicing Plaintiffs.

### B. Relevant and Not Privileged: The Subpoenas Fail *Shelton* Prong Two

The second prong of the *Shelton* test requires that "the information sought is relevant and nonprivileged…." *Monster*, 2020 WL 2405295, at *7 (quoting *Shelton,* 805 F.2d at 1327). In addition to failing prong one ("no other means"), Defendant cannot show how its subpoenas seek relevant and non-privileged information from counsel. While Defendant has implied and/or stated that the subpoenaed information might unearth some improper motivation for the suit and/or some inadequacy of counsel, *see* Def's Response, this innuendo and/or contentions fail, too.

As the explained in *Monster*, "[a]lthough, in limited circumstances, opposing counsel's motivation for bringing suit may be relevant, it does not appear to be relevant in this case when weighted against the burden that this discovery request imposes…." *Id*. at *12 (citing, among others, *Hill v. MacMillan/McGraw-Hill Sch. Co.*, 164 F.3d 630 (9th Cir. 1998) ("concluding a plaintiff's 'motivation for bringing the suit [was] irrelevant' and 'affirming the district court's decision to exclude evidence . . . because '*the merits of [plaintiff's] claims stand independent from her reasons for asserting them*'") (emphasis added); *Am. Fed'n of State, Cnty. and Mun. Emp. (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 478-79 (S.D. Fla. 2011) ("Neither does the [non-party's] knowledge or belief have any bearing on the [defendant's] affirmative defenses…. The universe of information covered by these requests appears to be boundless and untethered to the claims or defenses actually at issue in this case"); *see also Flotsam*, 2007 WL 4171136, at *1

(rejecting subpoena for documents purportedly relating to counsel-"orchestrated" litigation and activities).

So too here: Motivations for bringing this suit are not salient to analysis of the Subpoenas because the merits of Plaintiffs' claims are independent of the reasons for asserting them—so long Plaintiffs assert the claims actively and well. Nor are allegations and innuendo of counsels' purported conspiracies relevant—which anyway are supported only by Defendant's ardent wishes. And with respect to information about unrelated prior litigations and clients, these can hardly be proven *relevant* (let alone crucial under prong three) to the prosecution by *these* Plaintiffs of *this* action. This points once again to an undisputable conclusion: All this is but cover for an improper, harassing, and burdensome fishing expedition through opposing counsels' files—while trampling on privileges and principles foundational to the litigation system—for the purpose of diverting this Court from the serious issues presented by Plaintiffs' claims, and otherwise creating massive and inefficient burdens. The information sought is both inadequately relevant to the merits of Plaintiffs' claims and insufficiently tailored to a defense of them.

Of course, with respect to privilege under prong two, Defendant cannot show that the documents sought that are exclusively within counsel's possession are not privileged. A simple reading of SRFPs 1 through 9 reveals that many if not all the requests encompass documents that are clearly subject to privilege. For example, "All communications regarding or relating to this case or the claims herein," SRFP 6, sweeps so grandly and broadly as to cover, in addition to documents outlined above, strategy notes, minutes of counsel conference calls, memoranda of law, notes of and/or communications between counsel and their clients, retainers, and the like—all obviously privileged. It also covers documents collected by counsel, through their own research, that would reveal attorney thought processes and constitute work product. Again, the list goes on and on.

As such, Defendant fails to meet its burden under prong two, as well as prong one. For two reasons already, thus, the Subpoenas should be quashed.

### C. Crucial to Case Preparation: The Subpoenas Fail Prong Three of *Shelton*

Finally, under *Shelton,* not only must Defendant satisfy prong one and prong two of the test, but Defendant must also establish under prong three that "the information is *crucial* to the preparation of the case." *Monster*, 2020 WL 2405295, at *7 (quoting *Shelton,* 805 F.2d at 1327) (emphasis added). Absolutely nothing sought by the Subpoenas is *crucial* to the preparation of Defendant's case. They have the solicitation already for purposes of arguing inadequacy if they so wish—it is undisputed.[14] And indeed Defense counsel is already busy mischaracterizing it so as to accuse counsel of "fraud" to the Court. Nor can fishing expeditions focused on non-existent conspiracies or other clients and litigations be *crucial* here. While Defendant may view the subpoenas as useful, the caselaw is clear that usefulness—perceived or otherwise—does not suffice. Defendant cannot possibly show that the information subpoenaed is "*crucial*" to defend claims of unlawful, false, and deceptive advertising by Defendant of BodyArmor Sports Drinks. To argue otherwise is but a massive distraction from the allegations in the First Amended Complaint about Defendant's labeling and marketing of BodyArmor Sports Drinks. It bears recalling that to the Court—deceptive marketing of unlawfully labeled, named, and fortified sugar water that falsely advertises itself as providing superior hydration (and more) is what this litigation is about. *See, e.g.*, Images 1-3 below. And they are highly credible and serious allegations—no less involving transgressions for which Defendant has been admonished *multiple* times already by the NAD, the leading industry council for resolving disputes over false advertising, whose recommendations, like the consumer protection laws themselves, or norms of litigation, Defendant brazenly flouts.

---

[14] *See* Decl. of Matthew Borden in Supp. of Def's Mot. to Dismiss the First Am. Compl., dated July 21, 2020, Ex. 1 [Dkt. 44-1].

Images 1-3

 

IV. **CONCLUSION**

At bottom, Defendant would be sorely disappointed if the subpoenaed documents were produced by Plaintiffs' counsel—because its fantasies for a kill would not come to fruition ultimately. But that path is a long and diversionary one indeed, and going down it, and enabling this litigation to proceed as currently intended by Defendant, does not bode well for Plaintiffs' ability to prosecute their case without harassment, excess burdens, grand inefficiencies, and a big dose of prejudice. Nor does it bode well for the Court, as it also ensures a litigation for which

"ugliness," and "acrimony and incivility between counsel [will be] a continual blight on what should be a zealously contested but professionally litigated case." *Kirzhner*, 870 F. Supp. 2d at 1151. To be clear, Defendant is in such a rush to manufacture some failings of Plaintiffs it forgot to supply logistics for depositions (unilaterally noticed without consultation) before accusing Plaintiffs of failing to appear and thereby failing as class representatives (the deposition dates, in fact, were never finalized),[15] or research its Subpoenas after being asked for support and warned of Plaintiffs' perception of their impropriety—let alone before serving them. Or, to answer the complaint instead of defaulting.

More specifically here, because Defendant has not and cannot, even on the face of the Subpoenas, establish that the Subpoenas seek information: 1) for which there are no other means of acquisition other than counsel; 2) that is relevant and non-privileged; and 3) is crucial to the preparation of the case, the Subpoenas should be quashed. In addition, Plaintiffs respectfully request that this Court order such other measures as it deems appropriate and/or required.

Respectfully submitted,

DATED:  October 15, 2020

**KAPLAN FOX & KILSHEIMER LLP**

By:   /s/ *Laurence D. King*
         Laurence D. King

Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone:  415-772-4700
Facsimile:   415-772-4707
*lking@kaplanfox.com*
*mchoi@kaplanfox.com*

**KAPLAN FOX & KILSHEIMER LLP**
Maia C. Kats (pro hac vice)
mkats@kaplanfox.com
6109 32nd Place, Northwest
Washington, DC 20015
Telephone: (202) 669-0658

---

[15] *See* Kats Decl., Ex. B, D.

**KAPLAN FOX & KILSHEIMER LLP**
Donald Hall (*pro hac vice* to be filed)
dhall@kaplanfox.com
850 Third Avenue
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

**REESE LLP**
Michael R. Reese (SBN 206773)
mreese@reesellp.com
100 West 93rd Street, 16th Floor
New York, NY 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**REESE LLP**
George V. Granade II (SBN 316050)
ggranade@reesellp.com
8484 Wilshire Boulevard, Suite 515
Los Angeles, CA 90211
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

*Counsel for Plaintiffs Marc Silver, Heather Peffer, Alexander Hill, and the Proposed Class*