# Exhibit 1

Depositions

✕ DELETE    ← REPLY    ⇚ REPLY ALL    → FORWARD    •••



**Maia Kats**
Thu 10/22/2020 5:13 AM

**Mark as unread**

**To:** Matt Borden <borden@braunhagey.com>;  David Kwasniewski <Kwasniewski@braunhagey.com>;

**Cc:** Laurence King;  Michael Reese <mreese@reesellp.com>;  Mario M. Choi;  Tracy Zinsou <Zinsou@braunhagey.com>;

● This message was sent with high importance.

| Action Items | ＋ Get more apps |
|---|---|

Dear Matt, David, Tracy:

Trying a third and final time here for clarity on the Nov. 2 and 3 depositions.

You in fact had requested these dates and we concurred, answering that they work and accepting them for Marc Silver and Alex Hill.

We had requested an October date for Peffer, because of extra burdens (beyond what we experience) she is experiencing as a parent and workplace supervisor during covid - especially during November.

Given that she can't do November 4, you seem to be indicating- but it is yet not 100% clear -that you don't want to take any depositions on these dates out of a conclusory demand that the depositions transpire on consecutive dates. Or, as your emails demand, "contiguous" dates.

I have asked multiple times for any authority supporting the contiguous demand, but those requests have been ignored (and met with an avalanche of accusations).

We ourselves have discussed your demand and, collectively and authentically, see no reason for or precedent supporting it, particularly given the truly extraordinary circumstances that we find ourselves in. Even more, if we were in non-covid times, it would be impossible for you to take these depositions on contiguous dates anyway, given the travel implicated. So this demand seems a red herring to us.

I ask you a final time - Matt - to confirm whether or not you intend to take the depositions on Nov. 2 and Nov. 3? If we don't hear back by COB tomorrow, having asked repeatedly now and given indications that you are pulling back on your suggested dates, we will need to release our clients from them because everyone is exceptionally busy, including parenting partners, and it takes substantial coordination with jobs and/or parenting to set aside 7 hours. If they are not to be used, thus, we need to let them go and pick new dates.

Finally, please produce your initial disclosures. We have been very patient. When do you think you can do this by? Simply saying you won't do it, as the last email indicates, because there is no agreement to do so is not workable.

I am at 202 669 0658 if you wish to discuss by phone. As you well know, I am on the East Coast so limiting meet and confer options to 6:30+ EST doesn't work for me. Before then, most any day, I can make myself available - with the rare exception of Monday and Tuesday of next week.

I hope to hear from you Matt. Your involvement and supervision is needed and expressly requested here. The buck stops with you. And that line and responsibility are made clear here.

Maia