UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC SILVER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BA SPORTS NUTRITION, LLC, <br><br> Defendant. | Case No. 20-cv-00633-SI <br><br> **ORDER GRANTING PLAINTIFFS' MOTION TO QUASH AND DENYING PLAINTIFFS' REQUEST TO FILE AN AMENDED REPLY** <br><br> Re: Dkt. No. 67 |

On October 15, 2020, plaintiffs filed the instant motion to quash defendant's subpoenas which seek numerous categories of documents from plaintiffs' counsel. Dkt. No. 67 (Mot.). The Court previously stayed the return date of the subpoenas pending resolution of this dispute and set a hearing for November 6. Dkt. No. 65 (Order). Pursuant to Civil Local Rule 7-1(b) and General Order 72-6, the Court VACATES the hearing on this matter. For the reasons set forth below, the Court GRANTS plaintiffs' motion to quash.

Before addressing the merits of the instant dispute, the Court is compelled to make the following observation. Notwithstanding the fact that the Court previously admonished counsel not to engage in *ad hominem* attacks or to use vitriolic language in briefing, *see* Dkt. No. 57,[1] counsel have nevertheless continued to lard their briefing with invective. *See, e.g.*, Dkt. Nos. 67 at 6-7 (Mot.) and Dkt. No. 68 at 6 (Opp'n). The Court will not tolerate any such further behavior and any

---

[1] At the September 4, 2020 hearing on defendant's motion to dismiss the first amended complaint, the Court began the hearing by telling counsel, "I've read your papers, which were extremely vitriolic. I find that off-putting, and I hope that in future you can make them less so. The *ad hominem* attacks are not useful. These are hard enough questions without having to deal with such childish accusations. So, please, calm down in the future." Dkt. No. 57 at 3 (Tr.).
For ease of reference, citations to page numbers refer to the ECF branded number in the upper right corner of the page.

future papers filed by either side containing similarly acrimonious language will be stricken. Further, all counsel of record shall review the Northern District of California's Guidelines for Professional Conduct, found at cand.uscourts.gov/forms/guidelines-for-professional-conduct/, and shall file individual declarations with this Court no later than November 6 attesting to their review. Finally, with regard to any future discovery disputes, counsel shall engage in a meet and confer by videoconference, as it is the Court's hope that counsel will be civil, courteous, and professional if they have to engage with each other face-to-face.[2] The Court also advises the parties that it will continue to consider other measures as necessary to ensure that counsel adhere to the Guidelines of Professional Conduct, including requiring client attendance at hearings and the imposition of sanctions if warranted.

With regard to the merits of the instant discovery dispute, plaintiffs urge the Court to adopt the legal standard set forth in *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), whereas defendant argues Fed. R. Civ. Proc. 26(b) should govern this discovery dispute. Dkt. No. 67 at 9-11 (Mot.); Dkt. No. 68 at 12 (Opp'n). While parties generally may obtain discovery regarding any nonprivileged matter that is relevant to a claim or defense, *see* Fed. R. Civ. Proc. 26(b)(1), "[d]iscovery from opposing litigation counsel has been recognized as permissible under limited circumstances." *Flotsam of Cal., Inc. v. Huntington Beach Conference & Visitors Bureau*, No. C06-7028 MMC (MEJ), 2007 WL 4171136, at *1 (N.D. Cal. Nov. 26, 2007).

The Court agrees with plaintiffs that the heightened standard from *Shelton* is appropriate in this case. In *Shelton*, the Eighth Circuit held that a party may depose opposing counsel when "(1) no other means exist to obtain the information . . . (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). District courts within the Ninth Circuit have

---

[2] The parties' papers suggest that more discovery disputes may be forthcoming. Plaintiffs assert that defendant "staunchly refuses" to serve its initial disclosures, Dkt. No. 69 at 4 n.1. Defendant apparently has taken the position that the parties have not mutually agreed on a date for exchange of initial disclosures, and defendant will not agree on such a date until the parties resolve disputes regarding scheduling of plaintiffs' depositions. *See* Dkt. Nos. 68-3, 68-5. The Court strongly advises the parties to resolve these matters immediately and without the need for Court intervention.

applied the *Shelton* standard to non-deposition discovery involving opposing counsel as well. *See, e.g., Flotsam*, , 2007 WL 4171136, at *1 (applying *Shelton* and granting motion to quash subpoena seeking documents); *Nocal Inc. v. Sabercut Ventures, Inc.*, No. C 04-0240 PJH (JL), 2004 WL 3174427, at *2-4 (N.D. Cal. Nov. 15, 2004) (holding plaintiff failed "to satisfy any of the three prongs of the test in *Shelton*" for subpoena seeking deposition and production of documents); *see also Monster Energy Co. v. Vital Pharm., Inc.*, No. 5:18-cv-01882-JGB (SHKx), 2020 WL 2405295, at *8–9 (C.D. Cal. Mar. 10, 2020) (applying *Shelton* to subpoenas directed at Monster's former counsel and law firm).

Here, defendant has failed to satisfy the first prong of the *Shelton* test, as it appears that defendant is in the process of seeking the same documents from the plaintiffs themselves. *Compare* Dkt. No. 67-4 at 7 (RFP[3] to plaintiff Marc Silver), 14 (RFP to plaintiff Heather Peffer), 21 (RFP to plaintiff Alex Hill) *with* Dkt. No. 67-2 at 8-9 (SRFP to Kaplan Fox & Kilsheimer LLP), 16-17 (SRFP to Reese LLP). Further, defendant does not address whether it has attempted to seek the documents at issue from sources other than plaintiffs. In addition, the Court notes that defendant has not yet deposed plaintiffs; when those depositions occur, presumably defense counsel will explore their knowledge of the case, solicitation, injury, etc. Based on the current record, defendant has not shown that no other means exist to obtain the information.

## CONCLUSION

For the forgoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs' motion to quash defendant's subpoenas directed to plaintiffs' counsel.

**IT IS SO ORDERED**.

Dated: October 29, 2020

SUSAN ILLSTON
United States District Judge

---

[3] Request for production ("RFP"); subpoena request for production ("SRFP")

3