UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC SILVER, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>BA SPORTS NUTRITION, LLC,<br><br>  Defendant. | Case No. 20-cv-00633-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 85 |

Now before the Court is defendant's motion for sanctions. For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

On December 8, 2020, defendant's counsel Mr. Matthew Borden deposed plaintiff Marc Silver. Borden Decl. Ex. 1 (Dkt. No. 85-2). Plaintiffs' counsel Ms. Maia Kats defended the deposition. Kats Decl. ¶ 11 (Dkt. No. 88-1). In three hours, Ms. Kats made over 200 objections, including numerous speaking objections. *See* Silver Depo. Transcript, Kats Decl. Ex. 6 (Dkt. No. 88-7). Mr. Borden ultimately suspended the deposition due to Ms. Kats' behavior. *See id.* at 124:22-126:17.

On January 14, 2021, defendant filed the instant motion for sanctions. Dkt. No. 85. Defendant seeks the following sanctions: (1) defendant's attorneys' fees and costs in taking plaintiff Silver's deposition and bringing this motion; (2) an order for Mr. Silver to reappear for deposition, and for plaintiffs to pay defendant's fees and costs in re-deposing Mr. Silver; and (3) a jury instruction that plaintiffs' lawyers coached and interfered with Mr. Silver's first deposition testimony and that the jury may draw an adverse inference from this conduct. Proposed Order Granting Motion (Dkt. No. 85-8).

"The court may impose an appropriate sanction—including the reasonable expenses and

attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2); *see also BNSF Ry. Co. v. San Joaquin Valley R. Co.*, No. 1:08-cv-01086-AWI-SMS, 2009 WL 3872043 at *3 (E.D. Cal. Nov. 17, 2009) ("Where counsel's objections have frustrated a fair examination of the deponent or have unreasonably prolonged the examination, a court may impose an appropriate sanction."). The Court may impose sanctions at its discretion, including the costs of retaking a deposition or bringing a motion to obtain further depositions. *BNSF Ry. Co.*, 2009 WL 3872043, at *3 (citing *Biovail Laboratories, Inc. v. Anchen Pharmaceuticals, Inc.*, 233 F.R.D. 648, 654–55 (C.D. Cal. 2006)); *see also Batts v. Cty. of Santa Clara*, No. C 08-00286 JW, 2010 WL 545847 (N.D. Cal. Feb. 11, 2010) (finding that sanctions under Rule 30(d)(2) for deposition conduct are discretionary).

Defendant argues that plaintiffs' counsel Ms. Kats improperly coached plaintiff Silver and otherwise interfered with his deposition and in so doing "tainted Plaintiff Silver as a witness on virtually all the issues in this case." Mtn. at 10. Ms. Kats responds that Mr. Borden's questions were repetitive and leading. Ms. Kats argues she objected "with increasing insistence" to protect Mr. Silver, who was "visibly befuddled and articulating confusion and frustration." Pl.'s Opp'n at 6 (Dkt. No. 88).

Upon review of Mr. Silver's entire deposition transcript as well as the video recording, the Court is not persuaded by plaintiff's description of the events. While the Court finds that some of Mr. Borden's questions were inartfully phrased, Ms. Kats' frequent objections were exceedingly disruptive and at numerous points during the deposition Ms. Kats coached the witness through improper speaking objections. *See* Silver Depo. Transcript, Kats Decl. Ex. 6 at 27:15-28:13 (Dkt. No. 88-7) (objecting to question as "asked and answered" and stating that Silver "already explained that he doesn't remember his first purchase" when Silver had not so testified); *see also id.* at 53:20-54:20 (repeatedly objecting and preventing defense counsel from asking a question, then instructing witness to respond only if his answer does not conflict with prior testimony), 56:12-57:22 (same), 71:25-74:7 (numerous objections and interruptions), 84:19-87:11 (declaring that defense counsel mischaracterized witness's testimony, then instructing witness not to answer defense counsel's question) and 119:24-120:19 (refusing to let defense counsel ask his question). The lawyers'

contentious interactions, frequently initiated by Ms. Kats, undoubtedly contributed to the witness's visible frustration. Further, if plaintiffs' counsel was concerned that her client seemed "befuddled and articulating confusion," counsel should have requested a break and asked Mr. Silver about how he was feeling instead of interposing an increasing number of objections and generally obstructing the deposition.

The Court finds it appropriate to award some of the requested sanctions. The Court finds it reasonable to require plaintiffs' counsel to pay for defendants' attorneys' fees and the court reporter fees incurred by defendant in taking the December 8, 2020 deposition of Marc Silver; payment shall be made no later than March 8, 2021. The Court also orders Mr. Silver to appear for a second deposition *ab initio*. At that deposition (and any further depositions in this case), the Court orders that all objections will be reserved, except for objections as to privilege. On this record, the Court finds that the other requested sanctions are not warranted.

Finally, the Court observes that this case has been exceptionally contentious from its inception, and the Court has repeatedly instructed all counsel to adhere to the Guidelines of Professional Conduct and to comport themselves with professionalism and civility, seemingly to no avail.[1] **The Court advises the parties that if there are any further discovery disputes, the Court will appoint a private special master to oversee discovery, with the costs to be split between the parties.**

**IT IS SO ORDERED**.

Dated: February 25, 2021

SUSAN ILLSTON
United States District Judge

---

[1] The Court notes that it appears that defense counsel did not comply with the Northern District's Guidelines for Professional Conduct No. 9b or Civil Local Rule 30-1 with regard to scheduling depositions, as counsel did not confer with plaintiffs' counsel with regard to selecting dates for depositions.

3