# Attachment A

Martin Quinn
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA  94111
Telephone: (415) 982-5267
Fax: (415) 982-5287

SPECIAL MASTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC SILVER, *et al*., <br><br> Plaintiffs, <br><br> and <br><br> BA SPORTS NUTRITION, LLC, <br><br> Defendant. <br><br> v. | CASE NO. 20-cv-00633-SI <br><br> **SPECIAL MASTER'S ORDER NO. 2: PLAINTIFFS' MOTION TO COMPEL DEFENDANT TO RESPOND TO FIRST SET OF INTERROGATORIES (HRG. 7/13/21)** |

On June 10, 2021 Plaintiffs filed a Motion to Compel Responses to their First Set of Interrogatories (Nos. 1-12)   Defendant BA Sports Nutrition filed its Opposition on July 1. Defendant filed its Reply on July 8.  Having considered all  arguments and evidence submitted, for the following reasons the Special Master GRANTS the motion.

<u>Background Facts</u>

The First Amended Complaint [Dkt. 43] alleges that Plaintiffs  believed the BodyArmor drinks contained fruits in "amounts sufficient to qualify such fruits as characterizing

1

ingredients…" [FAC, ¶85] "Instead of fruits, … Body Armor contains unnamed ingredients that function as inauthentic flavors." [FAC, §89] Plaintiffs allege that BodyArmor has violated FDA labeling requirements and California law by failing to include the word "flavored" on its front label to show that the drink does not contain fruit in an amount sufficient to qualify as a characterizing ingredient. 21 C.F.R. 101.22(i)(1)(i). [FAC, ¶90, 91].

The Court denied BodyArmor's motion to dismiss the FAC, finding that these and other allegations stated a viable claim under all the consumer protection statutes named. [Dkt. 55]

Plaintiffs served their First Set of Interrogatories on March 5, 2021. [Zinsou Decl., Exh. 1]. Body Armor served its Responses and Supplemental Responses on April 5 and May 3, 2021. [Zinsou Decl, Exhs. 2 & 3]

Discovery from BodyArmor in this case has proceeded at a halting pace. Although Plaintiffs asked months ago for production of the labels for all products at issue, and although BodyArmor's responses to the interrogatories repeatedly "direct[ed] Plaintiffs to product labels that have been or will be produced" — as of the hearing on this motion <u>BodyArmor had not produced a single label</u>. Indeed, Plaintiffs assert that BodyArmor has produced virtually no documents at all. (A pending motion to compel document responses will be heard on July 20,2021.] A reading of BodyArmor's responses to these interrogatories discloses that they consist of nothing but objections and a few conclusory general statements.

<u>Analysis</u>

The issue on this motion is simple: does Body Armor need to disclose the ingredients in its products and the amounts of each ingredient, including the ingredients in the so-called "flavor packet". The Special Master concludes that of course it must.

All twelve interrogatories ask Body Armor to identify the ingredients in its products and to explain its labeling. No. 1 asks for an identification of every fruit on a front label that is an actual ingredient. No. 2 asks for an identification of every product that does <u>not</u> have a fruit on its label. No. 3 asks for an identification of every ingredient that is used to imitate the taste of fruit, including every ingredient within, e.g., "Natural Orange Mango Flavor." Nos. 4-9, deriving from the FDA labeling regulations in 21 C.F.R. 101.22, ask whether the BodyArmor labels say

2

1  "flavored," or "with other natural flavors," or "artificially flavored" — and if not, why not. Nos. 10/11/12 ask whether any products make representations as to the primary recognizable flavor (by picture or words), and if not why the labels depict fruits and say, e.g., "Orange Mango Flavor" in the Ingredients list.

BodyArmor's entire substantive response, with slight wording variations, was that the products "contain natural flavors as stated on each label in accordance with FDA regulations. The natural flavors contained in each product are derived from at least the fruits depicted on its labels." [Zinsou Decl., Exh. 3] BodyArmor basically ignored the precise information demanded by each interrogatory and simply repeated this conclusory mantra. Its responses are a textbook example of an "evasive or incomplete disclosure" prohibited by FRCP 37(a)(4).

The pertinent FDA regulations make challenging reading, but amount to this somewhat over-simplified regimen. If a label has a picture of a strawberry, but contains an insufficient amount of strawberry to make the food taste of strawberry, the word "flavored" must be prominently on the label. If the food contains both flavor actually from strawberries and another natural flavor (e.g., apple juice), it must be labeled "with other natural flavor." If the food does not contain any flavor derived from strawberries, it must be labeled "artificially flavored." If the food contains any artificial flavor that resembles strawberries, it must be labeled "artificially flavored strawberry" 21 C.F.R. 101.22(1(i-iii), (2).

Plaintiffs allege that BodyArmor's products violate these regulations by not containing the words "flavored" or "with other natural flavor" or "artificially flavored," etc. In order to prove that allegation, Plaintiffs and ultimately the Court must know the flavoring ingredients and their amounts. Which labeling is required depends entirely on what is in the so-called "flavor packet" — does the flavor derive from the actual depicted fruit, does it derive in part from some other natural flavor, does it derive from any artificial flavor? Body Armor's responses are wholly non-responsive — they say only that the products "contain natural flavors" but not the amounts or the sources of those flavors, and that the natural flavors are derived "at least" from the depicted fruit but not what else they are derived from. Body Armor maintains that it buys the "flavor packet" from a third party that will not disclose the actual ingredients. The Court cannot accept that

3

excuse because it makes it impossible to evaluate Plaintiffs' allegations. Hopefully, armed with a Court order Body Armor will be able to learn the precise ingredients and their amounts. The Court can order that the information be treated as "Attorneys' Eyes Only" and not disclosed to BodyArmor or Plaintiffs. If Body Armor cannot or will not obtain the required information, Plaintiffs will be forced to subpoena the information from the third party supplier.

For these reasons, the Special Master finds that Plaintiffs' interrogatories are proper and request information that is not only relevant, but essential, to proving the allegations of its First Amended Complaint. BodyArmor's briefing focuses heavily on other purported defects in Plaintiffs' case that make it unmeritorious. But arguing the merits on a discovery motion is futile. Discovery exists so that a party may obtain facts needed to prevail. The possibility that its claim may be dismissed in the future is no basis whatsoever for denying or limiting discovery.

## Order

Good cause appearing, IT IS ORDERED that Defendant's motion is GRANTED. BodyArmor shall serve within 30 days full and complete supplemental responses that specifically identify, precisely as requested in each interrogatory, all ingredients in each BodyArmor product referred to in the First Amended Complaint.

Dated: July 16, 2021

DocuSigned by:

*Martin Quinn*

926B466520994CA...

Martin Quinn, Special Master

4

## PROOF OF SERVICE BY E-Mail

Re: Silver, Marc, et al. vs. BA Sports Nutrition, LLC
Reference No. 1100111260

I, Sandra Chan, not a party to the within action, hereby declare that on July 16, 2021, I served the attached SPECIAL MASTER'S ORDER NO. 2: PLAINTIFFS' MOTION TO COMPEL DEFENDANT TO RESPOND TO FIRST SET OF INTERROGATORIES (HRG. 7/13/21) on the parties in the within action by electronic mail at San Francisco, CALIFORNIA, addressed as follows:

Laurence D. King Esq.
Mario M. Choi Esq.
Kathleen A. Herkenhoff Esq.
Kaplan Fox & Kilsheimer LLP
1999 Harrison Street
Suite 1560
Oakland, CA   94612
Tel: 415-772-4700
Email: lking@kaplanfox.com
MChoi@kaplanfox.com
Kherkenhoff@kaplanfox.com
   Parties Represented:
   Alexander Hill
   Heather Peffer
   Marc Silver

Donald R. Hall Esq.
Maia Caplan Kats Esq.
Kaplan Fox & Kilsheimer LLP
850 Third Ave.
14th Floor
New York, NY   10022
Tel: 212-687-1980
Email: dhall@kaplanfox.com
MKats@kaplanfox.com
   Parties Represented:
   Alexander Hill
   Heather Peffer
   Marc Silver

George Granade Esq.
Reese LLP
8484 Wilshire Blvd.
Suite 515
Beverly Hills, CA   90211
Tel: 310-939-0070
Email: ggranade@reesellp.com
   Parties Represented:
   Alexander Hill
   Heather Peffer
   Marc Silver

Michael R. Reese Esq.
Reese LLP
100 West 93rd Street
16th Fl.
New York, NY   10025
Tel: 212-643-0500
Email: Mreese@reesellp.com
   Parties Represented:
   Alexander Hill
   Heather Peffer
   Marc Silver

Matthew B. Borden Esq.
David H. Kwasniewski Esq.
J. Noah Hagey Esq.
BraunHagey & Borden LLP
351 California St.

 Ellen Leonida
Badami, Hartsough & Leonida
510 7th Street
San Francisco, CA   94103
Tel: 415-865-0321

Tenth Floor  
San Francisco, CA   94104  
Tel: 415-599-0212  
Email: borden@braunhagey.com  
kwasniewski@braunhagey.com  
hagey@braunhagey.com  
   Parties Represented:  
   BA Sports Nutrition, LLC  

Tracy O. Zinsou Esq.  
BraunHagey & Borden LLP  
351 California St.  
Tenth Floor  
San Francisco, CA   94104  
Tel: 415-599-0210  
Email: zinsou@braunhagey.com  
   Parties Represented:  
   BA Sports Nutrition, LLC  

Email: leonida@braunhagey.com  
   Parties Represented:  
   BA Sports Nutrition, LLC  

      I declare under penalty of perjury the foregoing to be true and correct. Executed at San Francisco, CALIFORNIA on July 16, 2021.

_Sandra Chan_  
Sandra Chan  
JAMS  
SChan@jamsadr.com