**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
*lking@kaplanfox.com*
Maia C. Kats (*pro hac vice*)
*mkats@kaplanfox.com*
Kathleen A. Herkenhoff (SBN 168562)
*kherkenhoff@kaplanfox.com*
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: (415) 772-4700
Facsimile: (415) 772-4707

**REESE LLP**
Michael R. Reese (SBN 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, NY 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

[Additional Counsel Listed on Signature Page]

*Counsel for Plaintiffs Marc Silver and Alexander Hill and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARC SILVER *and* ALEXANDER HILL, *individually and on behalf of all others similarly situated,*<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>BA SPORTS NUTRITION, LLC,<br><br>　　　　　　　　　Defendant. | Case No. 3:20-cv-00633-SI<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S OBJECTION TO SPECIAL MASTER QUINN'S ORDER NO. 2.**<br><br>Date:　　n/a<br>Time:　　n/a<br>Before:　Hon. Susan Illston<br>Ctrm:　　1, 17th Floor |

## TABLE OF CONTENTS

| | Page |
|---|---:|
| INTRODUCTION | 1 |
| FACTUAL BACKGROUND | 2 |
| ARGUMENT | 4 |
| I. THE SPECIAL MASTER DID NOT ERR IN FINDING THAT THE INTERROGATORIES SOUGHT RELEVANT AND PROPORTIONAL INFORMATION AND THAT DEFENDANT'S RESPONSES WERE IMPROPERLY EVASIVE AND CONCLUSORY | 4 |
|     A. "Textbook Evasive," "Conclusory," and Boilerplate Objections Fail to Satisfy Defendant's Burden under the Federal Rules, Warranting the Order to Respond | 5 |
|     B. Regardless, Defendant's "Custody & Control" Contention Fails Because It Is Wholly Conclusory and Defies Common Sense and Legal Authority | 6 |
|     C. Defendant's Contention That the Requests on Flavors Seek Information That Is Not Relevant to the Allegations in the FAC Also Fails | 7 |
|     D. Finally, Defendant's Belated Contention That Plaintiffs Never Sought the Information the Special Master Ordered It to Produce Flies in the Face of the Interrogatories, the Meet and Confers, the Motion to Compel and Reply in Support, and the Proceedings Before the Special Master | 8 |
| CONCLUSION | 10 |

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bledsoe v. Martinez*,
  No. 2:18-cv-02710-JAM-KJN-P, 2021 WL 2188131 (E.D. Cal. May 28, 2021) .................... 5, 6

*Hawkins v. The Kroger Co.*,
  Case No. 15-CV-2320-JM, 2019 WL 4416132 (S.D. Cal. Sept. 16, 2019) ............................... 7

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Coinstar, Inc.*,
  No. 13-cv-01014-JCC, 2014 WL 3396124 (W.D. Wash. July 10, 2014) .................................. 8

*Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*,
  16-CV-00236-WHO(DMR), 2018 WL 2441518 (N.D. Cal. May 31, 2018) ............................. 5

**Statutes**

21 U.S.C.
  § 343(w) ................................................................................................................................... 6.
  § 343(w)(4) ............................................................................................................................... 6

Cal. Health & Safety Code
  § 110100 .................................................................................................................................... 6

**Rules**

Federal Rules of Civil Procedure
  Rule 26 ....................................................................................................................................... 5
  Rule 26(b)(1) ............................................................................................................................. 5
  Rule 30(b)(6) ......................................................................................................................... 1, 2
  Rule 33(b)(4) ............................................................................................................................. 9

**Regulations**

21 C.F.R.
  § 101.22(i) ........................................................................................................................ 6, 7, 10
  § 101.22(i)(1)-(2) ...................................................................................................................... 9
  § 101.22(i)(1)(i) ........................................................................................................................ 7.
  § 101.22(i)(1)(ii) ....................................................................................................................... 8.
  § 101.22(i)(1)(iii) ...................................................................................................................... 8
  § 101.22(i)(2) ............................................................................................................................ 8
  § 102.5 ..................................................................................................................................... 10
  § 102.5(c) .................................................................................................................................. 7

.

Plaintiffs Marc Silver and Alexander Hill (together, "Plaintiffs") respectfully submit this Memorandum of Points and Authorities in Opposition to the Objection by Defendant BA Sports Nutrition, LLC ("BodyArmor" or "Defendant") to Special Master Quinn's Order No. 2: Plaintiffs' Motion to Compel Defendant to Respond to First Set of Interrogatories. (*See* Dkt. No. 124.)

**INTRODUCTION**

Discovery in this litigation commenced in September 2020, after this Court denied Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC") in its entirety on September 5, 2020. (Dkt. No. 55 and Dkt. No. 43, respectively.) It is now ten months later, and Defendant has yet to produce a single meaningful discovery response. It has refused to produce an organizational chart, for example, that would enable Plaintiffs to target specific custodians with discovery requests or schedule depositions, and it has objected to every single interrogatory. So too with Rule 30(b)(6) deposition efforts. In short, Defendant has produced ***nothing in ten months***.

To address the many discovery issues then-pending, the Court appointed Special Master Martin Quinn. (Dkt. No. 109.) In response to Plaintiffs' letters and motions to compel, Special Master Quinn began to examine Defendant's discovery conduct carefully. With respect to Plaintiffs' First Set of Interrogatories, Special Master Quinn analyzed the requests and Defendant's responses, and found that Defendant "basically ignored" the requests and "repeated" a "conclusory mantra," all constituting a "textbook example of an 'evasive or incomplete disclosure' prohibited by FRCP 37(a)(4)." (Dkt. No. 120-1 at 3.) As such, he granted Plaintiffs' Motion to Compel Interrogatory Responses in its entirety. (*Id.* at 4.) Almost immediately thereafter, Special Master Quinn also entertained argument on Plaintiffs' Motion to Compel Document Production, and per Special Master's Order No. 4, largely granted that motion, excepting requests he deemed redundant. (Dkt. No. 126-1.) In addition, Special Master Quinn granted Top Class Action's Motion to Quash Defendant's third party subpoena. (Dkt. No. 123-1 (Special Master's Order No. 3).) And he awarded costs against Defendant for its motion against Plaintiffs concerning the scheduling of Plaintiff Silver's deposition, which subjected them to "needless expense." (Dkt. No. 115-1 at 4.)

Notwithstanding the Special Master's efforts and well-reasoned orders, the parties are now back before this Court arguing again about, in essence, whether *Plaintiffs* too are entitled to

discovery—that is, discovery that Special Master Quinn deemed "not only relevant, but essential, to proving the allegations" of the FAC. (Dkt. No. 120-1 at 4.) Having prevailed on the motion to dismiss the FAC, Plaintiffs are clearly entitled to the discovery necessary to prove their claims.

Indeed, an examination of Defendant's objections and amended objections to the interrogatories, and of the findings in Special Master Quinn's Order, reveals anything but clear error on his part with respect to factual findings, or error with respect to other or mixed findings. Instead, it provides an abundance of support for the findings of Special Master Quinn. To be clear, and contra to the three arguments in Defendant's Objection, the interrogatories seek information: 1) consistent with what Special Master Quinn ordered Defendant to produce, 2) relevant and proportional to the claims in the FAC, and 3) that is discoverable notwithstanding Defendant's belated and conclusory contention that it lacks custody or control over the identity of ingredients in its own product—BodyArmor Superior Hydration Super Drink. In short, the Special Master did not commit clear error, or any error for that matter. He merely—and appropriately—tried to get discovery moving after an unacceptable ten-month stall.

Respectfully, it is time for discovery on Plaintiffs' claims of deceptive and unlawful marketing to proceed, so that this Court can entertain the merits of the claims.

## FACTUAL BACKGROUND

The relevant factual background for Plaintiffs' Motion to Compel Defendant to Respond to Plaintiffs' First Set of Interrogatories is set forth therein and incorporated by reference here. (Dkt. No. 124-4 at 3-5.) However, key and subsequent facts are summarized below.

Plaintiffs served their first set of interrogatories on Defendant on March 5, 2021. (Dkt. No. 124-5 at 7-18 of 58.[1]) They did so after having received nothing from Defendant in response to their document requests, nor any cooperation on attempts to organize Rule 30(b)(6) depositions (without the benefit of an organizational chart). (*See* Dkt. No. 120-1 at 2 (discussing "halting pace" of discovery from Defendant); Dkt. No. 126-1 at 7 (Special Master's Order No. 4, dated August 3,

---

[1] Citations to the Declaration of Michael R. Reese and its accompanying exhibits are to the page numbers generated by the ECF system and so indicate by including the words "of 58."

2021, granting motion to compel production of, among other things, organization charts of Defendant).) The goal of the interrogatories was to ensure that, through targeted requests, Plaintiffs would obtain sufficient information to successfully litigate at least their characterizing ingredient / flavor claims, even as the remainder of their discovery requests remained caught up in objections. (*See* Dkt. No. 120-1 at 2; Dkt. No. 124-8 at 19 of 31[2] (discussing goal of interrogatories).)

On April 5, 2021, Defendant served its Responses and Objections ("responses"). (Dkt. No. 124-5 at 20-35 of 58.) Because the responses were evasive and boilerplate, Plaintiffs contacted Defendant to arrange a meet and confer. That meet and confer transpired on April 15, 2021, ending with a promise of supplementary responses. (*Id.* at 4 of 58.) Defendant served its Supplemental Responses and Objections on May 3, 2021; they added nothing by way of substantive content. (*Compare Id.* at 20-35 of 58, *with Id.* at 37-53 of 58.) Following their initial conference with Special Master Quinn, Plaintiffs moved to compel on June 10, 2021. (Dkt. No. 124-4.)

Thereafter, on July 13, 2021, the parties presented oral argument to Special Master Quinn. On July 16, 2021, Special Master Quinn granted Plaintiffs' motion in full and ordered Defendant to respond to the interrogatories. (Dkt. No. 120-1.) The Order specifically notes that,

> Discovery from BodyArmor in this case has proceeded at a halting pace. Although Plaintiffs asked months ago for production of the labels for all the products at issue, and although BodyArmor's responses to interrogatories repeatedly "direct[ed] Plaintiffs to product labels that will be produced" – as of the hearing on this motion <u>BodyArmor had not produced a single label</u>. Indeed, Plaintiffs assert that BodyArmor has produced virtually no documents at all. (A pending motion to compel document responses will be heard on July 20, 2021.) A reading of BodyArmor's responses to these interrogatories discloses that they consist of nothing but objections and a few conclusory general statements.

(*Id.* at 2 (emphasis in original).)

And with respect to the interrogatories themselves, the Order concludes that "of course [BodyArmor] must" respond to the interrogatories, but has failed to do so properly. (*Id.*) More specifically, the Order states that Defendant's responses "basically ignored the precise information

---

[2] Citations to Plaintiffs' reply in support of their motion to compel interrogatory responses and its accompanying exhibit are to the page numbers generated by the ECF system and so indicate by including the words "of 31." Other than these page citations and the citations discussed in footnote 1 above, all page citations are to the page numbers at the foot of the document.

demanded by each interrogatory and simply repeated [a] conclusory mantra"—that is, that the products are labeled "in accordance with FDA regulations." (*Id.* at 3.) It further describes the responses as "a textbook example of an 'evasive and incomplete disclosure' prohibited by FRCP 37(a)(4)," and "wholly non-responsive." (*Id.*) After reciting and analyzing the regulations on the labeling of characterizing ingredients and flavors, the Special Master found "that Plaintiffs' interrogatories are proper and request information that is not only relevant, but essential, to proving the allegations of its First Amended Complaint," and ordered BodyArmor to serve within 30 days "full and complete supplemental responses that specifically identify, precisely as requested in each interrogatory, all ingredients in each BodyArmor product referred to in the First Amended Complaint." (*Id.* at 3-4.)

Defendant filed its Objection to Special Master Quinn's Order No. 2 on July 30, 2021. (Dkt. No. 124.)

**ARGUMENT**

**I. THE SPECIAL MASTER DID NOT ERR IN FINDING THAT THE INTERROGATORIES SOUGHT RELEVANT AND PROPORTIONAL INFORMATION AND THAT DEFENDANT'S RESPONSES WERE IMPROPERLY EVASIVE AND CONCLUSORY**

Pursuant to paragraph 16 of the Court's April 21, 2021 Order Appointing Martin Quinn as Special Master, the Court "shall review findings of fact made or recommended by the Special Master for clear error." Mixed findings or findings of law are reviewed *de novo*. (Dkt. No. 109 (citing Rule 53(g).) Here, Special Master Quinn made certain factual findings about the content of allegations in the FAC, the meet and confers, and various emails and letters, in addition to issuing findings about the content of the interrogatories themselves and the plainly inadequate and conclusory nature of Defendant's responses. (Dkt. No. 120-1 at *passim*.) Nothing about these findings—and his related finding of relevance and proportionality—is erroneous, let alone so off-base as to constitute clear error. To the contrary, Special Master Quinn's findings are rational and consistent with the record.

In short, Special Master Quinn found that Defendant "basically ignored" the substance of the requests and instead repeated a "conclusory mantra" in response to the interrogatories, which he further characterized as a "textbook example of an 'evasive or incomplete disclosure' prohibited by FRCP 37(a)(4)" and "wholly non-responsive." (Dkt. No. 120-1 at 3.) He also found that while Defendant frequently inserted references to its document production in lieu of answering an interrogatory, this was improper, as Defendant never actually produced anything (an uncontroverted and incontrovertible factual statement). (*Id*. at 2.) Such findings are warranted on the face of the responses and supplemental responses alone. There's not a single substantive answer or well-explained and supported objection to be found anywhere within. (Dkt. No. 124-5 at 37-53 of 58 (Defendant's supplemental interrogatory responses).)

    **A.**    **"Textbook Evasive," "Conclusory," and Boilerplate Objections Fail to Satisfy Defendant's Burden under the Federal Rules, Warranting the Order to Respond**

Defendant's method of objecting to interrogatories, with evasive and conclusory responses, fails as a defense for discovery non-compliance. On a motion to compel, the party seeking discovery has the initial burden of establishing that its request satisfies Rule 26(b)(1)'s relevancy requirement. *Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*, 16-CV-00236-WHO(DMR), 2018 WL 2441518, at *3 (N.D. Cal. May 31, 2018). After this, "the party opposing discovery has the burden of showing that discovery should not be allowed, and ***also has the burden of clarifying, explaining and supporting its objections with competent evidence***." *Id.* (emphasis added). "The opposing party is 'required to carry a heavy burden of showing why discovery was denied.'" *Bledsoe v. Martinez*, No. 2:18-cv-02710-JAM-KJN-P, 2021 WL 2188131, at *2 (E.D. Cal. May 28, 2021).

Special Master Quinn found that Plaintiffs' requests were relevant and proportional. (Dkt. No. 120-1 at 3-4.) He then analyzed and found Defendant's objections to be evasive, conclusory, and repetitive (or boilerplate) mantras, and as such, that Defendant failed to meet its burden under Rule 26. To be sure, *nowhere* in either of its interrogatory responses (original or amended), let alone during meet and confers or argument before the Special Master, did Defendant provide any

competent evidence or proffer requisite specificity in support of its objections to the interrogatories. (Dkt. No. 124-5 at 2-5, 20-35, 37-53 of 58.) On this basis alone, Defendant's objections in their entirety, including as newly-formulated and belatedly presented in its Objection to the Special Master's Order No. 2 here, should fail. *E.g.*, *Bledsoe*, 2021 WL 2188131, at *2.

### B. Regardless, Defendant's "Custody & Control" Contention Fails Because It Is Wholly Conclusory and Defies Common Sense and Legal Authority

In addition, Defendant now contends as one of three arguments in its Objection that it should not be forced to disclose a complete list of ingredients in BodyArmor Super Drink because it is unable to do so. Why? Because such list is purportedly in the custody and control of a third party and not Defendant. In particular, and despite its abundant fruit-intensive labeling and marketing claims, Defendant purports not to have access to information about what ingredients comprise the flavor packet. (Dkt. No. 124 at 2, 6.) This is the quintessence of an improper and conclusory objection. Nowhere in any of the objections, or supplemental objections, did Defendant ever support such a contention with any evidence or specificity. Who has it? Why can't they get it? What contractual provision bars this? Nor is there evidence anywhere showing an iota of effort by Defendant to obtain the so-called secret ingredients. (*See* Dkt. No. 124-5 at 20-35, 37-53 of 58.) And if Defendant lacks such information, why and/or how is it labeling the drinks as it is?

More, beyond being unsupported, this factual contention also strains credulity. For example, how would Defendant know if its product contained an allergen that it was required to label, or a harmful or banned substance, if it could not access the ingredients in its product, including the flavor packet? *See, e.g.*, 21 U.S.C. § 343(w)(4) (requiring flavoring that contains a major food allergen to be labeled in accordance with § 343(w)); Cal. Health & Safety Code § 110673 (same). How could Defendant be assured of meeting its federal and state labeling requirements on flavors without such access? *See generally* 21 C.F.R. § 101.22(i) (requiring, for example, the name of the food to be immediately followed by the words "with other natural flavor" if the food contains "both a characterizing flavor from the product whose flavor is simulated and other natural flavor which simulates, resembles or reinforces the characterizing flavor"); Cal. Health & Safety Code § 110100

(designating all FDA food labeling regulations promulgated under the Food, Drug, and Cosmetic Act as California state food labeling regulations). The answer is it couldn't. Special Master Quinn was correct to find that Defendant's objection to producing the ingredient list was inadequate, evasive, and lacked specificity, and that its response to Plaintiffs' request for such ingredients— namely only that "the products contain natural flavors"—is, in fact, "wholly non-responsive." (Dkt. No. 120-1 at 3.[3])

### C. Defendant's Contention That the Requests on Flavors Seek Information That Is Not Relevant to the Allegations in the FAC Also Fails

The third argument in Defendant's Objection is that the information the interrogatories seek about ingredients in flavor packets is extraneous to the allegations in the FAC, and therefore that Special Master Quinn's finding of relevance and proportionality on this point constitutes clear error. This contention also fails. Notably, this argument is based on one flawed assumption. It is entirely premised on the misplaced notion that Plaintiffs cite in the FAC exclusively to 21 C.F.R. § 101.22(i)(1)(i), and not to the entirety of § 101.22(i). (Dkt. No. 124 at 3, 6 (citing FAC ¶¶ 90-91).) But this central contention is untrue. Contrary to Defendant's cherry-picked example, Plaintiffs did indeed cite § 101.22(i) in full in the FAC, not only § 101.22(i)(1)(i). (*See, e.g.*, FAC ¶ 94 (citing *to the entirety* of § 101.22) ("Plaintiffs would not have purchased BodyArmor had they understood that the drinks were unlawfully labeled and misbranded in violation of 21 C.F.R. § 101.22 and California law."); ¶ 138e (citing to 21 C.F.R. § 101.22(i) *in its entirety*).) Moreover, the FAC is *replete* with factual allegations sufficient to place it on notice of the claims that Defendant both deceptively *and* unlawfully labeled BodyArmor Superior Hydration Super Drink as containing fruits and/or fruit juices in amounts insufficient to label various fruits as characterizing ingredients under 21 C.F.R. § 102.5(c), and by omitting the mandatory "flavored" designation from the primary display panel, which allegation is broad enough to encompass either a missing natural or artificial flavored designation per the FDA regulations, as incorporated in the

---

[3] *See also, e.g.*, *Hawkins v. The Kroger Co.*, Case No. 15-CV-2320-JM, 2019 WL 4416132, at *passim* (S.D. Cal. Sept. 16, 2019) (rejecting lack of custody and control argument and ordering disclosure of all ingredients for purposes of discerning if non-GMO labeling was deceptive).

Sherman Act and California law. (*E.g.*, Dkt. No. 43 (FAC) at ¶¶ 82-94, 136, 138d-e, 139, 140a-g.) Indeed, the FAC specifically alleges "BodyArmor contains unnamed ingredients that function as inauthentic flavors simulating the taste of the named and imaged fruits" (*id.* at ¶ 89); this allegation, depending on the precise nature of the alleged "unnamed ingredients" and the other ingredients/components in the BodyArmor products, would support violation of 21 C.F.R. §§ 101.22(i)(1)(ii), (i)(1)(iii), or (i)(2).

Given this, the Special Master correctly found that the "First Amended Complaint [] alleges that Plaintiffs believed the Body Armor drinks contained fruits in 'amounts sufficient to qualify such fruits as characterizing ingredients . . .' [FAC, ¶85.] Instead of fruits, . . . Body Armor contains unnamed ingredients that function as inauthentic flavors.' [FAC, ¶ 89]." (Dkt. No. 120-1 at 1-2.) Moreover, Special Master Quinn found that a full ingredients listing as well as the amount and respective predominance of each ingredient, is *essential* to establishing Defendant's liability under both FDA regulatory provisions, as incorporated into California law by way of the Sherman Act. (*Id.* at 3-4.) And finally, as such, he found that Plaintiffs' interrogatories seeking the identity and composition of the ingredients in the product, including the flavor packet, are relevant and proportional. (*Id.*) Defendant's contention that the Special Master committed clear error here, or any error for that matter, is baseless.[4]

> **D.  Finally, Defendant's Belated Contention That Plaintiffs Never Sought the Information the Special Master Ordered It to Produce Flies in the Face of the Interrogatories, the Meet and Confers, the Motion to Compel and Reply in Support, and the Proceedings Before the Special Master**

Defendant's remaining argument is a new one (therefore waived), that the Special Master committed clear error by finding that Plaintiffs sought information as to the predominance and amount of ingredients, including flavor ingredients, and thereafter ordering that such information be provided. This argument, too, entirely misses the mark. (*See* Dkt. No. 124 at 5-6.)

---

[4] To the extent Defendant argues the products are properly labeled in accordance with the law, Dkt. No. 124 at 7-8, such an argument is misplaced on a discovery motion. *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Coinstar, Inc.*, No. 13-cv-01014-JCC, 2014 WL 3396124, at *2 (W.D. Wash. July 10, 2014).

In support of this argument, Defendant contends that the amount of ingredients is not relevant or proportionate to the needs of this case. (Dkt. No. 124 at 5 ("[T]his information . . . would be disproportional to the needs of this case.").) As review of 21 C.F.R. § 101.22(i)(1)-(2) reveals, and as the Special Master explains, the identities and amount of fruit and other flavoring ingredients in BodyArmor Superior Hydration Super Drink *dictate* how such drinks can and must be labeled. (Dkt. No. 120-1 at 3 (discussing § 101.22(i)(1)(i)-(iii), (2).) To assert that such information is not relevant or proportional to the needs of this case given the FAC claims that Defendant violated such regulations, and thus California law, is baffling—at best. *See supra* at pp. 7-8. Clearly the information is relevant: Plaintiffs need the information to prove that the drinks are unlawfully labeled with respect to fruits as characterizing ingredients, and unlawfully labeled with respect to flavors (whether natural or artificial). So, this information is relevant.

With respect to proportionality, given that there is *zero* specificity, let alone proof, contained in the objections or supplemental objections, or even belatedly the filed Objection, concerning Defendant's claim that producing such information would be unduly and disproportionately burdensome, there is no clear error, or any error, with the proportionality finding either. Indeed, common sense compels a conclusion that production of a simple list of ingredients for each of the few product varieties, displaying ingredient prominence and amount, should have been a very simple and straightforward matter. Ironically, Defendant opted for additional processes that continue to exhaust resources disproportionately and needlessly. Answering the interrogatories entails making a few lists only, the contents of which will be treated as confidential under the standing protective order. (Dkt. 120-1 at 4.) This is proportional.

Next, Defendant posits a brand new argument—one clearly waived under Rule 33(b)(4) of the Federal Rules of Civil Procedure given Defendants' own failure to timely specify any confusion as to whether the interrogatories seek ingredient amounts and predominance in its objections, supplemental objections, or opposition to Plaintiffs' motion to compel. (Dkt. No. 124-5 at 20-35, 37-53; Dkt. No. 124-6; Dkt. No. 124-7.) Like the interrogatories themselves, Plaintiffs' motion to compel *expressly* sought to compel the *reasoning* behind Defendant's labeling practices concerning

1. fruit and flavors. As set forth in the motion papers, Plaintiffs argued that "Defendant's statement . . . is insufficient because it does not allow Plaintiffs to assess whether Defendant has complied with the FDA's flavor labeling regulation, 21 C.F.R. § 101.22(i), *which is the goal of the interrogatories*. When Plaintiffs ask Defendant to 'give the reason,' they are *seeking detail and analysis* regarding application of the regulation based on the labeling and ingredients of the Products, not a conclusory statement that the Defendant is following the law." (Dkt. No. 124-8 at 19 of 31 and *passim* (emphasis added); *see also* Dkt. No. 124-5 at 14-16 of 58 (Interrogatories Nos. 5, 7, 9, 11, and 12, which seek explanation of the reasons why Defendant labeled its products as it did, served in the context of alleged violations of 21 C.F.R. § 101.22(i) and § 102.5); Dkt. No. 124-5 at 13-14 of 58 (Interrogatories Nos. 1-3, which seek "identification" of ingredients).) In sum, Defendant's contention that Plaintiffs never sought disclosure of the amount of ingredients, which is information required to assess compliance with FDA regulations, is flat wrong. Frankly, Defendant is trying to profit from its own inadequate and conclusory boilerplate objections—where it failed to set forth any confusion, to the extent there was any, on what the terms "identify" and "reasons" mean. Their meaning is clear.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask this Court to overrule Defendant's objections to Special Master's Order No. 2 and require it to respond in full to the interrogatories.

Respectfully submitted,

DATED: August 6, 2021   **KAPLAN FOX & KILSHEIMER LLP**

By: /s/ *Laurence D. King*
     Laurence D. King

Laurence D. King (SBN 206423)
*lking@kaplanfox.com*
Maia C. Kats (*pro hac vice*)
*mkats@kaplanfox.com*
Kathleen A. Herkenhoff (SBN 168562)
*kherkenhoff@kaplanfox.com*
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: (415) 772-4700
Facsimile: (415) 772-4707

**KAPLAN FOX & KILSHEIMER LLP**
Donald R. Hall (*pro hac vice*)
*dhall@kaplanfox.com*
850 Third Avenue
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

**REESE LLP**
Michael R. Reese (SBN 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, NY 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**REESE LLP**
George V. Granade II (SBN 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, CA 90211
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

*Counsel for Plaintiffs Marc Silver and Alexander Hill and the Proposed Class*