UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC SILVER, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>BA SPORTS NUTRITION, LLC,<br><br>　　　　　　Defendant. | Case No. 20-cv-00633-SI<br><br>**ORDER RE: DEFENDANT'S OBJECTION TO SPECIAL MASTER'S ORDER NO. 2**<br><br>Re: Dkt. No. 124 |

　　　　Defendant has filed what it characterizes as a "limited" objection to the Special Master's Order No. 2. In that order, the Special Master found that defendant's responses to plaintiffs' interrogatories were "wholly non-responsive" and a "textbook example of an 'evasive or incomplete disclosure' prohibited by FRCP 37(a)(4)." Order No. 2 at 3. The interrogatories at issue ask BodyArmor to identify the ingredients in its products and to explain its labeling, and the Special Master found that plaintiffs need this information in order to prove their allegation that BodyArmor's products violate FDA labeling regulations, including 21 C.F.R. § 101.22(1)(i)-(iii). *Id.*

　　　　Defendant raises three objections: (1) to the extent the interrogatories seek information related to the components of the "flavor profiles" BodyArmor uses, that information is not relevant to a violation of 21 C.F.R. § 101.22(i)(1)(i), the only subsection of the FDA regulation that defendant contends is at issue in this case; (2) BodyArmor should not be required to produce information about the exact ingredients in the flavor profiles because that information is exclusively in the possession of a third-party supplier over which BodyArmor has no control; and (3) the order requires BodyArmor to provide information about the amounts of the ingredients in its products, including in the flavor profiles, although none of plaintiffs' interrogatories actually requests such information

and the issue of "amounts" was not raised before the Special Master.

The Court has reviewed the parties' briefing on defendant's objection, including the entire record presented to the Special Master. The Court concludes that defendant's objections are largely without merit and are OVERRULED except as stated below with regard to the third objection. As to the first objection, the First Amended Complaint alleges a violation of 21 C.F.R. § 101.22(i), *see* FAC ¶ 138, and the briefing before the Special Master framed plaintiff's claims as embracing 21 C.F.R. § 101.22(i)-(iii), and not just subsection (i). *See, e.g.*, Plaintiffs' Mot. to Compel at 6-7. To the extent defendant argues that portions of the regulation do not apply because sports drinks are not "commonly expected" to contain fruit juice, or that plaintiffs do not have standing to challenge "technical" labeling violations, those arguments raise factual and legal questions that should be addressed on summary judgment and are not a basis for resisting discovery.

Regarding the second objection, BodyArmor never met its burden of showing that it was unable to produce information about the ingredients in its flavor profiles. "[T]he party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, No. 16-cv-00236 WHO-DMR, 2018 WL 2441518, at *3 (N.D. Cal. May 31, 2018) (citation omitted). Defendant never submitted any evidence, such as a declaration, in support of the rather remarkable assertion that BodyArmor does not possess information about what ingredients are in its products. Moreover, defendant's objection asserts that BodyArmor purchases flavors from a supplier "that does not, and will not, disclose how its flavor profiles are made . . . for fear that BodyArmor would reverse engineer them." Objection at 2. However, plaintiffs' interrogatories do not ask BodyArmor to describe "how its flavor profiles are made"; instead, the interrogatories simply ask BodyArmor to disclose "each and every Ingredient contained within" particular sports drinks flavors, such as "Natural Orange Mango flavor." If BodyArmor wishes to produce this information subject to the protective order, it may do so.

Finally, with regard to the "amounts" of ingredients, the Court concludes that while the interrogatories do not specifically ask for the "amounts," the briefing before the Special Master did

reference "amounts" in the context of the FDA labeling regulations. *See, e.g.*, Plaintiffs' Mot. to Compel at 6 (quoting 21 C.F.R. § 101.22(i), including portion of regulation stating, "If the food is one that is commonly expected to contain a characterizing food ingredient, e.g., strawberries in 'strawberry shortcake,' and the food contains natural flavor derived from such ingredient and *an amount of characterizing ingredient insufficient to independently characterize the food*, . . . .") (emphasis in original). A number of the interrogatories ask for BodyArmor to provide the reasons why products are labeled in particular ways, such as why products are not labeled as "with other natural flavors." Plaintiffs assert that information about the amounts of ingredients could be responsive to interrogatories asking about the reasons for BodyArmor's labeling. The Court agrees. Thus, while the Court finds that BodyArmor's responses need not disclose the amounts of ingredients as a matter of course, if the reasons for BodyArmor's labeling of any of its products relate to the "amounts" of its ingredients, BodyArmor must include that information in its responses.

**BodyArmor shall produce supplemental interrogatory responses within 7 days of this order.**

**IT IS SO ORDERED**.

Dated: August 20, 2021

SUSAN ILLSTON
United States District Judge

3