1 | J. Noah Hagey, Esq. (SBN: 262331)
    hagey@braunhagey.com
2 | Matthew Borden, Esq. (SBN: 214323)
    borden@braunhagey.com
3 | Ellen V. Leonida, Esq. (SBN: 184194)
    leonida@braunhagey.com
4 | David H. Kwasniewski, Esq. (SBN: 281985)
    kwasniewski@braunhagey.com
5 | Tracy O. Zinsou, Esq. (SBN: 295458)
    zinsou@braunhagey.com
6 | BRAUNHAGEY & BORDEN LLP
  351 California Street, 10th Floor
7 | San Francisco, CA 94104
  Telephone: (415) 599-0210
8 | Facsimile: (415) 276-1808

9 | *Attorneys for Defendant*
  *BA Sports Nutrition, LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARC SILVER, ALEXANDER HILL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BA SPORTS NUTRITION, LLC,<br><br>Defendant. | Case No: 3:20-cv-00633-SI<br><br>**DEFENDANT BA SPORTS NUTRITION, LLC'S RESPONSE TO PLAINTIFFS' UNAUTHORIZED FILING (DKT. 155)**<br><br>**Judge:**  Hon. Susan Illston<br>**Ctrm.:**  1, 17th Floor<br><br>**Complaint filed:** January 28, 2020 |

Case No. 3:20-cv-00633-SI
RESPONSE TO PLAINTIFFS' UNAUTHORIZED FILING

Defendant BA Sports Nutrition, LLC ("BodyArmor") respectfully submits this response to Plaintiffs' Unauthorized Filing (Dkt. 155).

**<u>RESPONSE</u>**

On April 22, 2022, Plaintiffs filed a document entitled "Plaintiffs' Statement Pursuant to Standing Order No. 3." (Dkt. 155.) This filing does not appear to seek any relief. It does, however, criticize Special Master Martin Quinn and BodyArmor and inaccurately states the record. Because Plaintiffs have submitted this brief, BodyArmor provides this short response.

Section 3 of the Court's Standing Order relates to discovery disputes—all of which the Court has referred to Special Master Quinn. (Dkt. 109.) Plaintiffs' filing contravenes the Court's Referral Order and separately violates the Court's Standing Order because before filing a discovery brief pursuant to Section 3 of the Court's Standing Order, a party must meet and confer with the other side. Plaintiffs did not do so. (Declaration of Matthew Borden ("Borden Decl.") ¶ 2.)

Many of the events incompletely described in Plaintiffs' brief were set out in the Court ordered supplemental submissions regarding BodyArmor's pending motion for summary judgment. As explained therein, Plaintiffs have offered shifting theories about discovery, while at the same time frustrating discovery to try to manufacture a legal issue. Plaintiffs first claimed that they needed a full document production to oppose the motion. (Dkt. 130 at 3; Dkt. 149-3.) Then they claimed that they only needed documents related to "superior hydration" and the contents of the products. (Dkt. 140 at 1.) Finally, they admitted that they needed no documents at all (Dkt. 148 at 1), which is no surprise, given that the motion turns on Plaintiffs' own testimony that they read the ingredients and nutrition information and thus could not have been misled.

The unauthorized filing fails to explain that the reason that Plaintiffs do not yet have any electronically stored information ("ESI") is that they refused to meet and confer about search terms until after they deposed BodyArmor's Rule 30(b)(6) witness on document collection and retention, which they then twice postponed. (Dkt. 156 at 2.) The deposition was set for February 24, 2022. But on February 4, 2022, Plaintiffs agreed to postpone the deposition until April 13, 2022 to give the Court time to rule on the pending summary judgment motion, which could obviate the need for the deposition. (Borden Decl. ¶ 3.) On April 5, 2022, Plaintiffs cancelled the April 13 deposition.

(Borden Decl. ¶ 4.) The deposition has been reset. But all the while, Plaintiffs have argued that BodyArmor is refusing to produce documents. Despite the Special Master ordering the parties to meet and confer about search terms, Plaintiffs have also blamed the Special Master for lack of discovery—first in a letter to the Court that they threatened, but did not send (Borden Decl., Ex. 3), and separately in their unauthorized filing—when they violated his instructions by conditioning discovery on a 30(b)(6) deposition that they have delayed taking.

Plaintiffs have also repeatedly accused BodyArmor of lying about not having paper files related to how it labels its products. As with many modern companies, such files are stored electronically—a fact Plaintiffs would know, had they taken the Rule 30(b)(6) deposition.

In the midst of blaming BodyArmor and the Special Master for their own delays, Plaintiffs' lawyer has—contrary to the Court's repeated directives (*e.g.*, Dkt. 71 at 1; Dkt. 98)—continued ad hominem attacks on BodyArmor and its counsel. The Special Master has specifically noted "Ms. Kats's inability to write a civil, professional e-mail without sniping at someone." (Borden Decl., Ex. 1.) By way of example, Plaintiffs' lawyer told one of our associates that "it is understandable why Defendant would like to keep the 30b6 deposition from moving forward, and/or erect another smoke screen, but that is not how litigation and discovery works. Given all of your myriad motions for and threats of sanctions, against us and many other BraunHagey litigants, you should know this well." (*Id.*, Ex. 2.) In addition to being inaccurate, this type of vitriol, directed to more junior counsel, is precisely what the Court ordered Plaintiffs to cease. This is merely an example.

Plaintiffs' continued behavior is especially troubling because after the summary judgment hearing, the other two law firms representing Plaintiffs abandoned this case. (Dkt. 153, 154.) As a result, Plaintiffs are no longer represented by "a member of the bar of this Court in good standing . . . who maintains an office within the State of California," as required by Local Rule 11-3(a)(3); *see Lotus Mgmt., LLC v. Shulman*, No. 2:13-cv-3401-PJH, 2013 WL 5734893, *2 (N.D. Cal. Oct. 22, 2013); *TSI USA LLC v. Uber Techs., Inc.*, No. 4:17-cv-03536-HSG, 2020 WL 60208, *1 (N.D. Cal. Jan. 6, 2020); *Stoner v. Santa Clara Cty. Off. of Educ.*, No. 5:03-cv-04622-JW, 2007 WL 4924881, at *1 (N.D. Cal. Apr. 19, 2007). This appears to have contributed to events, such as Plaintiffs' instant filing in contravention of this Court's Standing Order and the Local Rules.

| | | |
|---|---|---|
| 1 | Dated: April 25, 2022 | Respectfully Submitted, |
| 2 | | BRAUNHAGEY & BORDEN LLP |
| 3 | | By:   /s/ *Matthew Borden* |
| 4 | |           Matthew Borden |
| 5 | | *Attorney for Defendant* |
|   | | *BA Sports Nutrition, LLC* |