**JUST FOOD LAW PLLC**
Maia Kats (*pro hac vice*)
maiakats@justfoodlaw.com
5335 Wisconsin Avenue NW, Suite 440
Washington, District of Columbia 20015
Telephone: (202) 243-7910

*Counsel for Plaintiffs Marc Silver and Alexander Hill and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARC SILVER *and* ALEXANDER HILL, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>BA SPORTS NUTRITION, LLC,<br><br>Defendant. | Case No. 3:20-cv-00633-SI<br><br>**PLAINTIFFS' OBJECTION TO SPECIAL MASTER ORDER NO. 5**<br><br>Hon. Susan Illston |

Plaintiffs respectfully file this objection to aspects of the Special Master's April 22, 2022 Order No. 5 on Discovery (the "Order"). *See* Dkt. No. 156. Plaintiffs note that they are reticent to do so for two reasons. First, because the Court has since ruled on Defendant's motion for summary judgment and thereby altered the discovery landscape – and Plaintiffs seek to respect that ruling. *See* Dkt. No. 160. And second, because the Special Master's central finding that Defendant's representations concerning its missing production are "not credible" is spot on. *See, e.g.*, Declaration of Maia Kats ("Kats Decl."), Exh. 3; Dkt. No. 156 (same). However, the discovery Order is still of record and mistaken and/or unclear in ways that may have implications that Plaintiffs cannot fully predict – including potentially with respect to any schedule for closing discovery and setting briefing on class certification. It is Plaintiffs' concern over scheduling that largely drives this objection.

***So first***, with attempted brevity (in order to protect a forward-focus), Plaintiffs object to any finding by the Special Master that they contributed in any material way to Defendant's two-year non-production and non-compliance with discovery obligations, including by way of a deferred 30(b)(6). In advance of Order No. 5, Plaintiffs were asked by email to address the following query (one of four) by the Special Master:

> The 30(b)(6) is now set for May 25. I would like Defendants to provide a list of every date between April 20 and May 25 when the witness can be available to testify. I would like Ms. Kats to do the same. We have a May 25 set as a default, but if it can be taken sooner so much the better.

*See* Kats Decl., Exh. 8. Plaintiffs responded accordingly by supplying dates. In the same email, the Special Master wrote, albeit *not* as one of four queries, that:

> I reviewed the e-mails [*that copied him*] I could find about the 30(b)(6) deposition that was noticed last November. I see it was set for late February. What happened to that date? The next thing I knew it was reset for April 13. That was then cancelled because of illness. A pretty distressing record of taking 6 months to set a simple deposition.

*Id.*

To be clear, it took approximately nine and not six months to obtain the May 17th date, and many communications both precede and post-date any relevant emails copied to the Special Master. But more importantly, concentrated focus – informal or otherwise – on the Spring of 2022 is too narrow a focus to reach any finding about Plaintiffs role in Defendant's extended non-production. *See, e.g.*, Kats Decl. at *passim*. The Special Master did not query Plaintiffs about the root causes of Defendant's persistent non-compliance – nor about Plaintiffs' persistent efforts beginning *last summer* (and even in February 2021) to take the 30(b)(6). As Plaintiffs referenced in their responsive statement to the Special Master's queries (which resulted in the Order No. 5), there are likely over 100 communications documenting their attempts to negotiate and set the 30b6, and to negotiate ESI production. And it was only for a *brief* period in the Spring of 2022 that *Plaintiffs* requested to defer the deposition given two cases of Covid-19 in counsel's family (a 92-year-old father and son with an autoimmune disease). *See* Kats Decl., ¶ 26. For the other twenty or so months, Plaintiffs have tirelessly sought discovery from a stone.

Furthermore, Plaintiffs sought actually to brief (and frequently raised) their long and unrequited efforts to procure Defendant's compliance with the Court's discovery Orders, including by way of documenting by letter to the Special Master material misinformation in Defendant's proffered ESI production protocol that would have rendered any immediate ESI production expensive and egregiously flawed and unreliable. *See, e.g.*, Kats Decl., Exh. 7 & 8. But Plaintiffs were advised by the Special Master that such motion would be futile because it must *follow* a 30(b)(6). *E.g.,* Kats Decl., Exh. 3. Put another way, with respect to their own conduct, Plaintiffs have never had proper opportunity to brief their persistent and strenuous efforts to obtain Defendant's discovery cooperation and production – Defendant's lack of which, *both* in the summer of 2021 and late Spring of 2022, the Special Master himself acknowledged to be entirely without credibility or merit. Kats Decl., Exh. 3; Dkt. Nos. 114, 120, 1223, 126. The parties only submitted in response to the Special Master's queries what production occurred and what was still missing from Defendant, and effectively what happened to an April deposition date. There is no adequate record thus with respect to Plaintiffs' discovery efforts so as to enable any finding about Plaintiffs' potential culpability for Defendant's well-documented stonewalling. It is Defendant

who after almost two years has not produced despite i*nfinite* opportunities to do so. To find Plaintiffs culpable notwithstanding all of their motions and costly efforts to date, with respect, stands the record on discovery on its head. See Kats Decl. at *passim*. It bears repeating: Defendant still has produced virtually nothing material in almost two years.

***And second***, with respect to Defendant's yet outstanding production, Plaintiffs are concerned that the organization of Special Master's Order No. 5 will be construed by Defendant to justify a hard divide between paper documents and ESI, and consequently, its prolonged failure to produce. *See* Kats Decl., ¶¶ 33-35 & Exh. 2 (n.1). Such hard divide – to the extent intended – would be inconsistent with the Special Master's prior statements and findings about Defendant's "textbook evasive" and "not credible" failure to respond to discovery and produce "documents" for two years, and equally, misconstrues the record of Plaintiffs' ongoing efforts to obtain production of all reasonably accessible documents as well as relevant caselaw. Plaintiffs were very clear that they sought *all* reasonably accessible documents promptly, regardless of any negotiated search protocol. Kats Decl., ¶& 33-35. Indeed, Defendant did not withhold production of over a thousand pages of non-responsive electronically-stored junk. *Id*. Inasmuch as Rule 37 of the Federal Rules of Civil Procedure requires Defendant to conduct a reasonable search and produce *all* reasonably accessible documents within 30 days of a request, Plaintiffs object to the Order to the extent it provides coverage to Defendant for evading its duties and complying with Court orders. *Compare, e.g.*, *Albert v. Laboratory Corp. of Am.*, 536 F. Supp.3d 798, 800-01, and *passim* (W.D. Wash. 2020) ("A reasonably accessible electronic document that is responsive to a discovery request is no different than a reasonably accessible paper document and must be produced without regard to the parties' agreement to use search terms.") *with* Dkt. No. 155 at 2 (material documents withheld (selectively) for approximately two years because they are digital and Defendant is a "modern company").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully object to the Special Master's Order No. 5 on the foregoing bases, and request that the Court clarify that:

---

PLAINTIFFS' OBJECTION
*Silver v. BA Sports Nutrition, LLC*, No. 3:20-cv-00633-SI
3

1) The record before the Special Master was not sufficiently developed so as to enable a finding that Plaintiffs contributed – materially or otherwise - to Defendant's persisting "not credible" discovery, which discovery commenced in September 2020 and has been the subject of several orders, including because Plaintiffs were not provided opportunity via motion practice to brief their nearly two-years of effort to obtain Defendant's production and compliance; and

2) Withholding of documents on the basis that they are electronically stored is not permissible if such documents are or should be accessible to Defendant upon a reasonable search for responsive documents – a duty that is not supplanted by modernity or an ESI search protocol that addresses otherwise difficult to locate and produce documents.

Date: May 4, 2022

Respectfully submitted,

**JUST FOOD LAW PLLC**

By: /s/ Maia Kats
Maia Kats (*pro hac vice*)
maiakats@justfoodlaw.com
5335 Wisconsin Avenue NW, Suite 440
Washington, District of Columbia 20015
Telephone: (202) 243-7910

*Counsel for Plaintiffs Marc Silver and Alexander Hill and the Proposed Class*